WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Hartzell,<br><br>             Plaintiff,<br><br>v.<br><br>Marana Unified School District, et al.,<br><br>             Defendants. | No. CV-21-00062-TUC-SHR<br><br>**Order Re: Plaintiff's Motion to Amend Scheduling Order and for Leave to File Second Amended Complaint** |

Pending before the Court is a "Motion to Amend Scheduling Order and for Leave to File Second Amended Complaint" (Doc. 65) (the "Motion") filed by Plaintiff Rebecca Hartzell. The Motion has been fully briefed.[1] (Docs. 65–67.) For the reasons below, the Motion is granted-in part and denied-in part.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began this action on February 4, 2021 (Doc. 1) and filed her First Amended Complaint ("FAC") in April 2021 (Doc. 16). On October 4, 2021, the Court entered its Scheduling Order (Doc. 24), which set January 7, 2022 as the deadline to join parties and amend pleadings, and April 8, 2022 as the close of discovery. (Doc. 24 at 1–2.) The close of discovery was briefly extended once, to April 29, 2022. (Doc. 32.) Plaintiff's FAC raised the following five counts: (1) 42 U.S.C. § 1983 first amendment retaliation against all Defendants; (2) Ariz. Const. art. II, § 6 free speech retaliation against all Defendants;

---

[1] Plaintiff withdrew her oral argument request for this Motion at the June 7 status conference. (Doc. 68.)

(3) 42 U.S.C. § 1983 denial of procedural due process against Marana Unified School District (the "District"); (4) defamation per se against Defendant Divijak in her individual capacity; and (5) false light invasion of privacy against Defendant Divijak in her individual capacity. (Doc. 16 at 11–17.)

On May 27, 2022, Defendants filed a motion for summary judgment on all five counts. (Doc. 38.) On March 9, 2023, the Court entered partial summary judgment granting summary judgment in favor of Defendants in full as to Counts two, three, and five of the FAC, and in part as to Counts one and four. (Doc. 59.) On April 17, the parties filed a Joint Proposed Pretrial Order. (Doc. 63.) On April 24, the Court set a half-hour pretrial conference on June 7 to discuss trial dates, deadlines, settlement prospects, and set a date for the final pretrial conference. (Doc. 64.) On May 18, Plaintiff filed this Motion seeking to amend the FAC in three ways. (Doc. 65 at 2.)

## II. LEGAL STANDARD

"When a party seeks to amend its pleading after the date specified in the scheduling order has passed, the party must first satisfy the requirements of Rule 16, and then must demonstrate amendment is proper under Rule 15." *See Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)).

Rule 16(b)(4), Fed. R. Civ. P., allows a scheduling order to "be modified only for good cause and with the judge's consent." The purpose of Rule 16 is to eliminate poor case management. *Johnson*, 975 F.2d at 610. The good cause standard "primarily considers the diligence of the party seeking the amendment" and "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609. "Carelessness is not compatible with a finding of diligence" and if the moving "party was not diligent, the inquiry should end." *Id.* When determining diligence, a court may look to

> (1) the party's diligence in assisting the court in creating a workable Rule 16 order; (2) whether the party's noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been

>reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) whether the party was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply.

*Acosta*, 325 F.R.D. at 328.

Rule 15(a)(2), Fed. R. Civ. P., allows a party to amend a complaint but "only with the opposing party's written consent or the court's leave." The purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (internal quotation marks and citation omitted). "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and "requests for leave should be granted with extreme liberality," *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend will not automatically be granted and the decision to grant leave to amend remains within "the sound discretion of the trial court." *See Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

"In assessing the propriety of a motion for leave to amend, [courts] consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes*, 375 F.3d at 808. "Prejudice to the opposing party . . . carries the greatest weight," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and the opposing party bears the burden of showing prejudice, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

"Futility alone can justify the denial of a motion for leave to amend." *Nunes*, 375 F.3d at 808. However, leave to amend should be denied as futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

### III. DISCUSSION

Plaintiff argues there is good cause to modify the scheduling order because she was

diligent and the Rule 15 factors warrant granting her leave to amend her FAC. (Doc. 65 at 5–8; Doc. 67.) Defendant argues Plaintiff's Motion should be denied because she "seeks to remedy three errors that are nothing more than a result of her own oversight over the past two years." (Doc. 66 at 1.) The Court will address each proposed amendment, in turn.

### A. Amending Due-Process Claim

First, Plaintiff seeks to "add language to Paragraph 112 to further underscore that the Due Process claim included and includes First Amendment speech and speech retaliation as predicate fundamental rights that the District Defendant violated (and for which Plaintiff was deprived Due Process)." (Doc. 65 at 2.) Plaintiff argues the Court "took Defendants' argument too far" on its motion for summary judgment ruling and "overreached by refusing to consider *any* of Plaintiff's First Amendment cases" when considering her due-process claim. (*Id.* at 15–16.) According to Plaintiff, if "the Court considered Plaintiff's free speech cases on summary judgment, Plaintiff believes . . . the Court would not have granted judgment on the Due Process claim." (*Id.* at 16.)

#### *1. Rule 16*

Plaintiff argues she was diligent because she filed this Motion "within a matter of weeks after discovering the new information." (Doc. 65 at 7.)

Defendants argue Plaintiff was not diligent because she could have added the proposed language in her initial and First Amended complaint and she is simply trying to "circumvent and reargue a claim that has already been decided." (Doc. 66 at 8–9.) According to Defendants, Plaintiff should have filed a motion for reconsideration or appeal because a "motion for leave to amend is not the proper avenue to overturn an adverse ruling." (*Id.* at 7.)

In her Reply, Plaintiff argues, among other things, the Court can correct an error under Rule 54(b) and Rule 60(a) of the Federal Rules of Civil Procedure. (Doc. 67 at 2–3.)

Here, the Court finds Plaintiff was diligent in assisting the Court to create a workable Rule 16 order and the summary judgment ruling could not be foreseen at the time

of the Rule 16 scheduling conference. However, Plaintiff waited over two months after the Court's summary judgment ruling to raise this issue. If Plaintiff believes the Court erred in its interpretation of the pleadings, she should have raised the issue in a motion for reconsideration. Plaintiff does not explain why a motion for reconsideration was not filed and the typical time to file a timely motion for reconsideration has long since passed. *See* LRCiv 7.2(g) ("Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion.") Plaintiff also did not indicate in its Joint Proposed Pretrial Order—filed over a month after the summary judgment ruling— that she intended to raise an issue related to the summary judgment ruling. (*See* Doc. 63 at 11.) Although the Court, may possibly be able to correct issues under Rule 54(b) or 60(a) as Plaintiff suggests, the Court finds it troubling Plaintiff choose to wait over two months, rather than address the issue shortly after the ruling was docketed. As such, the Court finds Plaintiff was not diligent with respect to the due-process claim and there is not good cause to amend the scheduling order. Because Plaintiff did not meet her burden to show "good cause" under Rule 16(b), the Court need not analyze whether the Court should grant leave to amend the FAC under Rule 15(a). Therefore, Plaintiff's Motion is denied with respect to amending the due-process claim. Nonetheless, the Court will also address why Plaintiff's arguments with respect to this claim also fail under Rule 15.

### 2. Rule 15

Plaintiff argues amending the FAC would not prejudice Defendants, there is no bad faith or undue delay on her behalf, and the only "prior amendment was made early and voluntarily, as a matter of course." (Doc. 65 at 8.) Specifically, Plaintiff argues there is no prejudice because the amendment "simply clarif[ies]" a claim that has "existed in this case since the beginning." (*Id.* at 9.) Furthermore, Plaintiff argues there is no trial date set and she "believes these amendments will not impact the case schedule, at all (and no trial has been set)." (*Id.* at 7–8.)

Defendants argue "giving Plaintiff a second chance to argue a claim that has already

been briefed and argued would certainly prejudice Defendants." (Doc. 66 at 9.)

In her Reply, Plaintiff argues Defendants conceded the Court made an error in summary judgment and "it is less prejudicial to everyone" to correct the issue now rather than on appeal. (Doc. 67 at 1–3, 6–7.)

The Court finds no such concession from Defendants and finds amendment would be improper under Rule 15. The Court ruled against Plaintiff on this issue and allowing an amendment would clearly prejudice Defendants because it would negate the benefit of the Court's entry of summary judgment in their favor. *See Kimble v. Marvel Enterprises, Inc.*, No. CV 08-372-TUC-DCB, 2010 WL 11515207, at *3 (D. Ariz. Apr. 8, 2010) (finding prejudice because granting leave to amend would involve, among other things, another wave of dispositive motions). Although Plaintiff is correct a trial had not been set when this Motion was filed, a pretrial conference had already been scheduled to set a trial date. But for this Court's administrative practice of setting a trial date at the pretrial conference, this case would already have a firm trial date when this Motion was filed. Even though trial is set to begin on November 14, the case is ready for trial now. Adding a further round of briefing and oral argument may prolong the matter even further and delay the matter even more in light of the Court's busy calendar. Therefore, Plaintiff's arguments with respect to this claim also fail under Rule 15. *See Eminence Capital, LLC*, 316 F.3d at 1052 ("Prejudice to the opposing party . . . carries the greatest weight.").

### B. Amending Injunctive Relief[2]

Second, Plaintiff seeks to add the following permanent injunctive relief language in the prayer for relief section: "A permanent injunction ordering Defendants to lift the ban on Plaintiff and for Defendants to refrain from asserting that Plaintiff grabbed or assaulted Defendant Divijak." (Doc. 67-2 at 19.)

The following is the language in the prayer for relief section of the FAC:

---

[2]Defendants argue Plaintiff's claim fails to comply with LRCiv 15.1 because the injunctive relief language is not included anywhere in her proposed Second Amended Complaint. (Doc. 66 at 6–7.) Plaintiff admits she failed to include the injunction language in the Proposed Second Amended Complaint. (Doc. 67 n.4.) Because it was clear what language Plaintiff sought to include and she fixed this issue in her Reply, the Court will disregard this error.

- 6 -

> WHEREFORE, Dr. Hartzell requests that the Court enter Judgment in favor of Dr. Hartzell as follows:
>
> 1. An award of presumed, special, and general damages;
>
> 2. An award of the reasonable costs and expenses of this action, including attorney's fees, in accordance with 42 U.S.C. § 1988 and A.R.S. § 41-1493.01(D);
>
> 3. An award of interest on any award of damages, attorneys' fees and/or costs at the highest rate allowable by law; and
>
> 4. Any additional relief, in law or equity, as this Court deems just and proper.

(Doc. 16. at 17–18.)

### 1. Rule 16

Plaintiff argues at the time she filed her FAC, she "understood her FAC would entitle her to appropriate injunctive relief in addition to money damages." (Doc. 65 at 6.) According to Plaintiff, this amendment "merely add[s] clarification." (*Id.*)

Defendants appear to argue Plaintiff was not diligent in this regard because Plaintiff is seeking to remedy an error that was "a result of her own oversight over the past two years." (Doc. 66 at 2.)

In her Reply, Plaintiff argues Defendants "have not rebutted [her] argument and authority showing that these claims already "impliedly existed" in the operative pleading and that 'no magic words' were required." (Doc. 67 at 5.)

Here, the Court finds Plaintiff was diligent in assisting the Court to create a workable Rule 16 order. However, Plaintiff does not meaningfully explain how noncompliance on this issue occurred "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *See Acosta*, 325 F.R.D. at 328. Based on Defendant's arguments it is unclear what "development of matters" have occurred since the scheduling conference to make amendment appropriate. Plaintiff concedes the language was not expressly in the FAC but argues "[i]t is obvious from the FAC that [she] believed the unconstitutional trespass was in retaliation to her First Amendment rights, that she wanted it to stop, that it was

- 7 -

continuing in time (*i.e.* 'indefinitely banning'), and that Defendants' misconduct would deter future speech." (Doc. 65 at 9–10.)  Instead of including express language in the prayer for relief section, Plaintiff relies on several other paragraphs scattered throughout the FAC to say this relief was "obvious." (*Id.* at 10.)  The Court finds Plaintiff's argument unpersuasive because it appears Plaintiff could have reasonably foreseen or anticipated this as an issue at the time of the Rule 16 scheduling conference because this language is not in the prayer for relief section.

Plaintiff also does not meaningfully explain when "it became apparent [she] could not comply" with the Rule 16 Order and how she was diligent in seeking amendment. *See id.* Plaintiff did not indicate in the Joint Proposed Pretrial Order—filed over a month after the summary judgment ruling—that she intended to raise an issue related to the prayer for relief. (*See* Doc. 63 at 11.)  The first time the Court heard about this issue was when this Motion was filed in May 2023—approximately fourth months after the deadline to amend the FAC.  As such, the Court does not find Plaintiff was diligent with respect to the injunctive-relief claim and there is not good cause to amend the scheduling order.  Because Plaintiff's claim fails for lack of diligence, the Court will not address this issue under Rule 15.  *See Johnson*, 975 F.2d at 610 ("Carelessness is not compatible with a finding of diligence" and if the moving "party was not diligent, the inquiry should end.")

### C. Amending Spouse for Community Property Purposes

Third, Plaintiff seeks to add "Joseph Divijak (spouse of Defendant Andrea Divijak) solely for Arizona community property purposes, in connection with collection and judgment enforcement." (Doc. 65 at 2.)  Specifically, Plaintiff seeks to add the following text in the FAC section describing the parties:

> Joseph Divijak is and was, at relevant times, the spouse of Divijak. At relevant times, Divijak's conduct complained of herein was performed on behalf and for the benefit of the Martial Community comprised of Joseph Divijak and Andrea Divijak. Joseph Divijak is named in this suit solely as Divijak's spouse, for collection and judgment enforcement purposes.

(Doc. 65-3 ¶ 3.)

***1. Rule 16***

Plaintiff argues she was diligent and "timely sought information regarding the District indemnifying Defendant Divijak" because "[t]he need for adding Defendant Div[ij]ak's spouse as a co-defendant was not apparent until Defense counsel's recent email on April 13, 2023, stating that Defendant Divijak 'would be uncollectable.'" (Doc. 65 at 5–6.) Plaintiff argues at the time the FAC was filed, she "had good reason to believe . . . Defendant Divijak's liabilities would be satisfied by her employer, the District, and/or its insurer, because it is generally known within this district that the District (along with its school principals) is insured." (*Id.* at 6.) According to Plaintiff, she "timely sought information regarding the District indemnifying Defendant Divijak, which appeared to be answered in the affirmative by the District during its deposition." (Doc. 65 at 5–6; Doc. 65-3 at 6–8.)

Defendants argues Plaintiff was not diligent because Plaintiff was aware of Defendant Divijak's marital status "prior to the inception of this case" and failed to add Mr. Divijak to the case or "seek information regarding Ms. Divijak's insurance" for over two years. (Doc. 66 at 5–6.)

In her Reply, Plaintiff argues Defendant did not address her argument that she had reasonably believed Defendant Divijak would be indemnified based on her general understanding of the District's indemnification coverage and the District representative's deposition statement. (Doc. 67 at 5.) Plaintiff also argues Defendants should have provided a copy of the indemnity agreement in May 2021—the deadline for initial disclosures. (*Id.* at 5–6; *see also* Doc. 23.)

Here, the Court finds Plaintiff was diligent in assisting the Court to create a workable Rule 16 order. The Court also finds Plaintiff's noncompliance with the Rule 16 deadline "occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference" because Plaintiff did not have a copy of the indemnity agreement until a few weeks prior

- 9 -

1   to filing this Motion.³ *Acosta*, 325 F.R.D. at 328. (Doc. 67 at 6.)

2   Defendants do not dispute Plaintiff's claim she notified Defendants, within three days of the April 13 email, that she would seek to amend Defendant Divijak's spouse and she included this issue in the Joint Proposed Final Pretrial Order. (Doc. 65 at 7.) Therefore, the Court finds Plaintiff "was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply." *Acosta*, 325 F.R.D. at 328.

### 2. Rule 15

Plaintiff argues the Court should grant leave to amend under the liberal Rule 15 standard. (Doc. 65 at 7.) First, Plaintiff argues "[t]his Motion is not being made in bad faith as a dilatory maneuver." (*Id.* at 8.) Second, Plaintiff argues there is no undue delay on her behalf. (*Id.*) Third, Plaintiff argues there is no prejudice because this amendment "will not impact the case schedule" and "[i]t is highly unlikely that Mr. Divijak will be surprised about this lawsuit, the claims in it, or that he would complain about or add to the way his spouse, Defendant Divijak, has been defending the claims against her in this case, to the extent they could affect their marital community." (*Id.* at 8.) Fourth, Plaintiff argues the amendment "is not futile as a matter of law because the remaining claims against Defendant Divijak are not futile (as evidenced by their surviving Defendants' summary judgment motion)." (*Id.* at 9.) Fifth, Plaintiff argues "the one prior amendment was made early and voluntarily, as a matter of course, in *favor* of the defense by narrowing parties and claims after meeting and conferring with defense counsel." (*Id.*)

Defendants argue justice does not require the Court to grant leave to amend for this issue because "Plaintiff has already amended her complaint once," and "Plaintiff has failed to provide an adequate explanation for the delay . . . ." (Doc. 66 at 6.)

Here, the Courts finds there is no evidence of bad faith or undue delay on this issue.

---

³Defendants do not dispute Plaintiff's assertion the indemnity agreement was not disclosed until May 2023. (*See* Doc. 65 n.2; Doc. 66 at 5–6.) The Court finds the indemnity agreement should have been disclosed during initial disclosures under Rule 26(a)(1)(A)(iv), Fed. R. Civ. P., but Plaintiff appears to have not brought it to the attention of the other party or the Court until recently. The better practice would be to add a spouse for community property purposes at the outset of the case in case that spouse needs to be named for collection purposes; however, it is possible Divijak's spouse does not need to be added to the case for collection purposes as Plaintiff contends. (*See* Doc 67 n.6.)

The Court finds no prejudice because Defendants fail to argue this factor. *See Leighton*, 833 F.2d at 187 (the opposing party bears the burden of showing prejudice). Although Plaintiff previously amended the complaint, it was only amended once early in the case and it was done, at Defendants' request, after the parties met and conferred. In sum, the factors weigh in favor of permitting Defendant Divijak's spouse to be added to the FAC. Thus, the Court exercises its discretion to permit Plaintiff to file the Second Amendment Complaint adding the language involving Defendant Divijak's spouse.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** Plaintiff's "Motion to Amend Scheduling Order and for Leave to File Second Amended Complaint" (Doc. 65) is granted-in part. Plaintiff is allowed to file a Second Amended Complaint adding the proposed language for community spouse purposes. Plaintiff must also remove all other claims that have previously been dismissed.

**IT IS FURTHER ORDERED** Plaintiff's "Motion to Amend Scheduling Order and for Leave to File Second Amended Complaint" (Doc. 65) is denied-in part. Plaintiff may not add the proposed language for the due-process claim or the injunctive-relief claim.

Dated this 20th day of July, 2023.

Honorable Scott H. Rash
United States District Judge