DᴇCᴏɴᴄɪɴɪ McDᴏɴᴀʟᴅ Yᴇᴛᴡɪɴ & Lᴀᴄʏ, P.C.
2525 Eᴀsᴛ Bʀᴏᴀᴅᴡᴀʏ Bʟᴠᴅ., Sᴜɪᴛᴇ 200
Tᴜᴄsᴏɴ, AZ 85716-5300
(520) 322-5000

Lisa Anne Smith (AZ # 16762)
lasmith@dmyl.com
Tyler H. Stanton (AZ #034526)
tstanton@dmyl.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D<br><br>Plaintiff,<br><br>vs.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; and Andrea Divijak, in her individual capacity,<br><br>Defendants. | NO. 4:21-cv-00062-SHR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants Marana Unified School District (the "District") and Andrea Divijak, by and through counsel undersigned, and for their Answer to the Second Amended Complaint, admit, deny and allege as follows:

1.      Defendants admit the allegations of Paragraph 1 of the Complaint.

2.      Defendants admit the allegations of Paragraph 2 of the Complaint.

3.      Defendants deny that any conduct of Defendant Divijak alleged in the Complaint was performed on behalf of and for the benefit of the Divijaks' marital community. Defendants admit the remaining allegations of Paragraph 3 of the Complaint.

4.      Defendants admit the allegations of Paragraph 4 of the Complaint, but affirmatively allege that the statelaw claims set forth in the Complaint are barred by the failure

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1  to timely exhaust required administrative remedies and by the statute of limitations; the state

2  law claims that are not so barred fail to state a claim for which relief may be granted.

3       5.    Defendants admit the allegations of Paragraph 5 of the Complaint.

4       6.    Defendants admit the allegations of Paragraph 6 of the Complaint.

5       7.    Defendants admit the allegations of Paragraph 7 of the Complaint.

6       8.    Defendants deny the allegations of Paragraph 8 of the Complaint.

7       9.    Defendants deny the allegations of Paragraph 9 of the Complaint.

8       10.    Defendants admit the allegations of Paragraph 10 of the Complaint but deny

9  that the Notice of Claim was effective due to the fact that it was untimely with regard to the

10  majority of the conduct alleged therein.

11       11.    In answering Paragraph 11 of the Complaint, Defendants admit that the Notice

12  of Claim was served on the persons listed other than the Superintendent. Defendants

13  affirmatively allege that the Notice of Claim was not served on the Superintendent.

14       12.    Defendants admit the allegations of Paragraph 12 of the Complaint.

15       13.    Defendants are without information or belief as to the allegations of Paragraph

16  13 of the Complaint and therefore deny the same.

17       14.    Defendants are without information or belief as to the allegations of Paragraph

18  14 of the Complaint and therefore deny the same.

19       15.    Defendants are without information or belief as to the allegations of Paragraph

20  15 of the Complaint and therefore deny the same.

21       16.    Defendants are without information or belief as to the allegations of Paragraph

22  16 of the Complaint and therefore deny the same.

23       17.    In answering Paragraph 17 of the Complaint, Defendants deny that Dove

24  Mountain held its grand opening in August 2019, admit the allegations of the second sentence

25

26

1  of Paragraph 17, and affirmatively allege that the grand opening was held in July 2019, but

2  the school first opened for students in August 2019.

3      18.    In answering Paragraph 18 of the Complaint, Defendants admit that

4  approximately 850 students were enrolled for Dove Mountain's inaugural academic year and

5  admit that four of Plaintiff's children were enrolled. Defendants affirmatively allege that one

6  of Plaintiff's children was enrolled in the preschool located at Dove Mountain, which is

7  housed at Dove Mountain but is not technically a part of the school itself.

8      19.    Defendants are without information or belief as to the allegations of Paragraph

9  19 of the Complaint and therefore deny the same.

10     20.    Defendants deny the allegations of Paragraph 20 of the Complaint.

11     21.    Defendants admit the allegations of Paragraph 21 of the Complaint.

12     22.    In answering Paragraph 22 of the Complaint, Defendants admit that students

13  presented their projects but deny that the presentations were scheduled "over a short

14  timeframe." Defendants affirmatively allege that the event lasted about two (2) hours and the

15  sessions were long enough that parents were able to move from one classroom to another to

16  observe more than one presentation during each session.

17     23.    Defendants deny the allegations of Paragraph 23 of the Complaint and

18  affirmatively allege that although some siblings were presenting during the same sessions in

19  different locations, most parents chose to split their time between their children's classrooms.

20  Due to the nature of the presentations, it was possible to do this without missing either child's

21  presentation.

22     24.    Defendants deny the allegations of Paragraph 24 of the Complaint.

23     25.    Defendants deny the allegations of Paragraph 25 of the Complaint.

24     26.    Defendants deny the allegations of Paragraph 26 of the Complaint.

25     27.    Defendants deny the allegations of Paragraph 27 of the Complaint.

26

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

28. In answering Paragraph 28 of the Complaint, Defendants admit that the Winter Showcase was advertised in or around November 2019, that it had a busy schedule, and that it was open to the public. Defendants are without information or belief about what Plaintiff learned or when and cannot respond to the characterization of the schedule as "densely packed."

29. Defendants admit the allegations of Paragraph 29 of the Complaint.

30. Defendants admit the allegations of Paragraph 30 of the Complaint.

31. Defendants admit the allegations of Paragraph 31 of the Complaint.

32. Defendants admit the allegations of Paragraph 32 of the Complaint.

33. Defendants admit the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint. Defendants allege that approximately 450 to 500 students were scheduled to present that day.

35. In answering paragraph 35 of the Complaint, Defendants admit that Plaintiff's two children were scheduled to present during the first time slot but deny that Plaintiff was forced to choose which presentation to observe. Defendants affirmatively allege that Plaintiff had plenty of time to observe both children during the allotted time.

36. Defendants admit the allegations of Paragraph 36 of the Complaint.

37. In answering Paragraph 37 of the Complaint, Defendants admit that Plaintiff made suggestions about scheduling, but affirmatively allege that Divijak recalls Plaintiff suggesting that the presentations take place over two days.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint and affirmatively allege that after Plaintiff grabbed the wrist of Divijak, Divijak did pull her hand away, stated words to the effect of, "You will not touch me," and walked away.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

40.     In answering Paragraph 40 of the Complaint, Defendants allege that Plaintiff stated, "Dammit you will not walk away from me. I'm going to call the District on you." Defendants deny all other allegations of Paragraph 40 of the Complaint.

41.     Defendants admit the allegations of Paragraph 41 of the Complaint.

42.     In answering Paragraph 42 of the Complaint, Defendants admit that a District employee called 911 but Defendants are without information or belief as to exactly what information was conveyed to the 911 operator.

43.     Defendants admit the allegations of Paragraph 43 of the Complaint.

44.     In answering Paragraph 44 of the Complaint, Defendants admit that Ms. Sternberg and Mr. McKenna informed Plaintiff that she needed to leave and she walked out with them.

45.     Defendants are without information or belief regarding the allegations of Paragraph 45 of the Complaint and therefore deny the same.

46.     Defendants are without information or belief regarding the allegations of Paragraph 46 of the Complaint. Defendants affirmatively allege that neither Divijak nor, to her knowledge, anyone else from Dove Mountain directed the police officer to ban Plaintiff from its property.

47.     Defendants are without information or belief regarding the allegations of Paragraph 47 of the Complaint.

48.     In answering Paragraph 48 of the Complaint, Defendants allege that the video footage of the interactions described in this paragraph speak for themselves. Defendants admit that the quotations included in Paragraph 48 of the Complaint are accurate but deny any characterization of the statements.

49.     Defendants are without information or belief regarding the allegations of Paragraph 49 of the Complaint and therefore deny the same.

50.     Defendants are without information or belief regarding the allegations of Paragraph 50 of the Complaint and therefore deny the same.

51.     In answering Paragraph 51 of the Complaint, Defendants admit that Plaintiff was criminally charged with assault based on the events that occurred on the day in question, but deny that the allegations were false and deny that neither the criminal charges nor the allegations that supported them were in retaliation for speech by Plaintiff. Defendants affirmatively allege that accurate information was provided to the police regarding Plaintiff's physical assault on Divijak.

52.     In answering Paragraph 52 of the Complaint, Defendants admit that Plaintiff emailed the District Superintendent the day of the incident, but that email does not state that time was of the essence or that her children had to stay home from school. Further, Defendants deny that Plaintiff's children had to stay home from school; Plaintiff's husband sometimes brought the children to school prior to this event and Plaintiff's children, other than the preschooler, could have ridden the bus.

53.     In answering Paragraph 53 of the Complaint, Defendants admit that the District's superintendent met with Plaintiff approximately two weeks after the incident.

54.     Defendants are without information or belief regarding Plaintiff's impression as to the purpose of the meeting as alleged in Paragraph 54 of the Complaint and therefore deny the same.

55.     Defendants deny the allegations of Paragraph 55 of the Complaint.

56.     Defendants deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants are without information or belief as to the allegations of Paragraph 57 of the Complaint and therefore deny the same.

58.     Defendants deny the allegations of Paragraph 58 of the Complaint.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

59.     In answering Paragraph 59 of the Complaint, Defendants admit that Wilson left the ban in place and discussed logistics with Plaintiff, but affirmatively allege that Plaintiff was told the matter would be reconsidered at a later date.

60.     Defendants admit the allegations of Paragraph 60 to the extent that the phrase "provided she did not speak to anyone" was specifically related to a prohibition against talking to District staff about the incident itself while on campus. Plaintiff was not restricted from discussing the matter at other times or in other places, nor was she restricted from communicating to the extent necessary to address her on-campus business.

61.     Defendants deny the allegations of Paragraph 61 of the Complaint and affirmatively allege that Plaintiff's preschooler started school at the same time as Plaintiff's older child but ended school earlier than Plaintiff's other children. Therefore, permission to pick the preschool child up was logistically necessary and was part of what Plaintiff discussed with Wilson.

62.     Defendants admit the allegations of Paragraph 62 of the Complaint.

63.     Defendants admit the allegations of Paragraph 63 of the Complaint.

64.     Defendants admit the allegations of Paragraph 64 of the Complaint.

65.     Defendants admit the allegations of Paragraph 65 of the Complaint and affirmatively allege that Plaintiff did communicate with her children's teachers during the remainder of the 2019-2020 school year.

66.     Defendants admit the allegations of Paragraph 66 of the Complaint.

67.     In answering Paragraph 67 of the Complaint, Defendants admit that no letter was sent to Plaintiff but affirmatively allege that, in the meeting with the Superintendent, Plaintiff was informed when the exclusion from campus would be reconsidered.

68.     In answering Paragraph 68 of the Complaint, Defendants deny that the exclusion was unlawful but admit that Plaintiff was excluded from school activities between

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1  February 7 and March 13, after which time no public events occurred and all school activities

2  were conducted remotely.

3       69.    Defendants admit the allegations of Paragraph 69 of the Complaint.

4       70.    In answering paragraph 70 of the Complaint Defendants admit that Plaintiff

5  was excluded from participating in on-campus parent-teacher conferences, which are

6  optional, but allege that Plaintiff could have arranged to speak with her children's teachers if

7  she desired to do so and did, in fact, exchange emails with her children's teachers. Defendants

8  deny that a "Kinder-Roundup" orientation and placement assessment occurred during the

9  time period in question but admit that Plaintiff was excluded from an informational meeting

10  about kindergarten.

11       71.    Defendants deny the allegations of Paragraph 71 of the Complaint.

12       72.    Defendants are without information or belief regarding the allegations of

13  Paragraph 72 of the Complaint and therefore deny the same.

14       73.    Defendants admit the allegations of Paragraph 73 of the Complaint.

15       74.    Defendants admit the allegations of Paragraph 74 of the Complaint and

16  affirmatively allege that Plaintiff did not contact the school or the District to attempt to

17  schedule a meeting or discuss the terms of her exclusion from campus, and Defendants further

18  allege that the rest of the school year and the first quarter of the fall semester were held

19  virtually and by the time students returned to campus, Plaintiff had withdrawn her children

20  from Dove Mountain.

21       75.    In answering Paragraph 75 of the Complaint, Defendants admit that Plaintiff

22  and her husband sold their home and relocated, but are without information or belief as to her

23  reasons for doing so, and therefore deny the same.

24       76.    Defendants admit the allegations of Paragraph 76 of the Complaint.

25       77.    Defendants deny the allegations of Paragraph 77 of the Complaint.

26

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

1    78.    Defendants are without information or belief regarding the allegations of

2  Paragraph 78 of the Complaint and therefore deny the same.

3    79.    Defendants are without information or belief regarding the allegations of

4  Paragraph 79 of the Complaint and therefore deny the same.

5    80.    Defendants are without information or belief regarding the allegations of

6  Paragraph 80 of the Complaint and therefore deny the same.

7    81.    Defendants are without information or belief regarding the allegations of

8  Paragraph 81 of the Complaint and therefore deny the same.

9    82.    Defendants deny the allegations of Paragraph 82 of the Complaint.

10    83.    Defendants deny the allegations of Paragraph 83 of the Complaint.

11    84.    Defendants deny the allegations of Paragraph 84 of the Complaint.

12    85.    Defendants deny the allegations of Paragraph 85 of the Complaint.

13    86.    In responding to Paragraph 86 of the Complaint, Defendants admit, deny and

14  allege as set forth above.

15    87.    Defendants admit the allegations of Paragraph 87 of the Complaint.

16    88.    Defendants admit the allegations of Paragraph 88 of the Complaint.

17    89.    Defendants admit the allegations of Paragraph 89 of the Complaint.

18    90.    Defendants admit the allegations of Paragraph 90 of the Complaint.

19    91.    Paragraph 91 of the Complaint contains a legal conclusion, not factual

20  allegations, and Defendants therefore neither admit nor deny the same.

21    92.    Defendants deny the allegations of Paragraph 92 of the Complaint.

22    93.    Defendants deny the allegations of Paragraph 93 of the Complaint.

23    94.    Defendants deny the allegations of Paragraph 94 of the Complaint.

24    95.    Defendants deny the allegations of Paragraph 95 of the Complaint.

25    96.    Defendants deny the allegations of Paragraph 96 of the Complaint.

26

97.   Defendants deny the allegations of Paragraph 97 of the Complaint.

98.   Defendants deny the allegations of Paragraph 98 of the Complaint.

99.   In responding to Paragraph 99 of the Complaint, Defendants admit, deny and allege as set forth above.

100.   Defendants deny the allegations of Paragraph 100 of the Complaint.

101.   Defendants deny the allegations of Paragraph 101 of the Complaint.

102.   Defendants deny the allegations of Paragraph 102 of the Complaint.

103.   Defendants deny the allegations of Paragraph 103 of the Complaint.

104.   Defendants deny the allegations of Paragraph 104 of the Complaint.

105.   Paragraph 105 of the Complaint does not contain any factual allegations and is therefore neither admitted nor denied.

106.   All allegations not specifically admitted are denied.

**AFFIRMATIVE DEFENSES**

107.   As and for an affirmative defense, the Defendants allege that Plaintiff's Complaint fails to state a claim for which relief may be granted against Defendants.

108.   As and for a further affirmative defense, Defendants allege that Plaintiff failed to file a timely notice of claim with regard to the majority of her state law claims, and her claims are therefore barred by her failure to comply with A.R.S. § 12-821.01.

109.   As and for a further affirmative defense, Defendants allege that Plaintiff failed to exhaust her administrative remedies.

110.   As and for a further affirmative defense, Defendants allege that, to the extent that any of the allegations of the Complaint regarding action taken with regard to Plaintiff are true, those actions were taken as a result of Plaintiff's conduct and were not taken as a result of any exercise of her constitutional or legal rights.

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

111.   As and for a further affirmative defense, to the extent plaintiff's claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

112.   As a further affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, illegality and unclean hands.

113.   As a further affirmative defense, Defendants allege that Plaintiff failed to mitigate her damages even though she had an obligation to do so.

114.   Defendants further reserve the right to allege any other matter which constitutes an avoidance or an affirmative defense of which Defendants may become aware through discovery. If further defenses become known through the discovery process and compilation of further facts, Defendants reserve the right to supplement and/or submit an amended answer to the Complaint setting forth other available affirmative defenses.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1.   That Plaintiff take nothing by the Complaint;

2.   That judgment be entered in favor of Defendants and against Plaintiff;

3.   That Defendants be awarded reasonable attorneys' fees;

4.   That Defendants be awarded the costs of suit herein incurred; and

5.   That Defendants be awarded such other and further relief as the Court may deem appropriate.

/ / / / /

/ / / / /

1    DATED this 16th day of August, 2023.

2                                    DECONCINI MCDONALD YETWIN & LACY, P.C.

3

4    By: */s/ Lisa Anne Smith*
         Lisa Anne Smith
5        Tyler H. Stanton
         2525 E. Broadway Blvd., Suite 200
6        Tucson, AZ 85716-5300
         Attorneys for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following CM/CEF registrant:

Jeffrey Willis
Jacob C. Jones
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701
jwillis@swlaw.com
jcjones@swlaw.com

*/s/ Linda Vaubel*

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300