DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Lisa Anne Smith (AZ # 16762)
lasmith@dmyl.com
Tyler H. Stanton (AZ # 34526)
tstanton@dmyl.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D<br><br>Plaintiff,<br><br>vs.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; and Andrea Divijak, in her individual capacity,<br><br>Defendants. | NO. 4:21-cv-00062-SHR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE**<br><br>(Assigned to Hon. Scott H. Rash) |

Defendants Marana Unified School District and Andrea Divijak hereby submit their Reply in support of their previously filed Motion in Limine (the "Motion"). This Reply is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Plaintiff knew she "may" use the Home Damage Evidence at trial well before April 17, 2023 and, therefore, her disclosure was untimely.**

Plaintiff claims that she did not "form a belief that she 'may use'" the Home Damage Evidence to support her claim" of damages at trial until drafting the Joint Proposed Pretrial Order. Plaintiff's Response in Opposition to Defendants' Motion in Limine (the "Response"), p. 3. Apparently, Plaintiff was content to go to trial and prove her damages via witness

testimony alone, presenting nary a document in support of her claims. Plaintiff's contention does not pass the proverbial smell test.

While Plaintiff accuses Defendants of a lack of familiarity with the Federal Rules of Civil Procedure, she apparently does not understand Defendants' straightforward arguments. Instead, she responds to arguments Defendants have not made. Defendants do not argue that the Federal Rules required the production of the Home Damage Evidence earlier in litigation merely because they were "relevant," as Arizona's rules may require. Rather, the Home Damage Evidence should have been produced because Plaintiff obviously intended to use the Home Damage Evidence at trial. There is simply no reasonable possibility that Plaintiff intended to support her claim for no less than $120,000.00 in damages based on her testimony alone. As a result, these documents fall within the scope of Rule 26(a)(1)(ii) rather than Rule 26(a)(1)(iii). In this case, there is no dispute that the Home Damage Evidence was not produced until April 17, 2023. *See* Motion, p. 2-3; Response, p. 4.

Plaintiff attempts to avoid the natural consequence of her failure to disclose these documents by arguing that her "view about whether she 'may use' the Home Damage documents changed in the days leading up to the Joint Proposed Pretrial Order in April 2023." Opposition, p. 3. Even if Plaintiff actually intended, all the way through litigation, to go to trial without the support of *any* documentary evidence of her damages (even though she was clearly in possession of such evidence), Plaintiff's position would reinstate the bygone era of "trial by ambush" which the current Federal Rules of Civil Procedure were designed to prevent. *See Brandon v. Mare-Bear, Inc.*, 225 F.3d 661 (9th Cir. 2000) (describing "preventing trial by ambush and surprise" as "one of the principal goals of the discovery rules"). Clearly, the Rules contemplate a party deciding what documents it *may* use at trial by the close of discovery. In this case, it defies belief that Plaintiff did not know that she *may* use the Home Damage Evidence until drafting the Joint Proposed Pretrial Order one year after the close of discovery. These documents were in her possession before initiating

litigation and apparently constitute all of the evidence supporting Plaintiff's Home Damages. Because Plaintiff did not comply with her disclosure obligations, she must show her failure was substantially justified or harmless in order to use the Home Damage Evidence at trial. She cannot do either.

**II.     Plaintiff's failure was not justified, let alone substantially justified.**

Plaintiff attempts to place the blame for her own failure on Defendants. According to Plaintiff, because Defendant failed to conduct discovery as to her damages, her failure to disclose the Home Damage Evidence is justified. This is not the rule. As an example, Plaintiff blames Defendants for not propounding discovery to Plaintiff's criminal attorney to determine whether she actually paid her legal invoices. Plaintiff argues that because Defendants did not conduct discovery on that topic, they would not have conducted discovery as to Plaintiff's other damages. It is easy to see why legal bills are different from invoices for cabinets or flooring. One, District employees and agents personally dealt with Plaintiff's criminal attorney and knew those services were rendered. Second, Plaintiff would almost certainly have objected if Defendants attempted to subpoena her criminal attorney to discover information related to that representation. Discovery into what tasks were completed, the topics of conversations with Plaintiff, and what other work her attorney performed would likely be prohibited, at least in part, by the attorney-client privilege.

The issue of whether Plaintiff would have conducted additional discovery regarding the newly disclosed documents is not relevant; what is relevant is that Plaintiff completely failed to comply with her obligations under the Federal Rules of Civil Procedure. Plaintiff is correct that Defendants did not propound any written discovery on this topic after she disclosed that these documents existed generally. But the rule is clear: a party must *produce* the evidence he or she *may* use without awaiting a discovery request. Another party's choice not to conduct discovery does not justify a litigant's failure to comply with his or her own

obligations. As a result, Plaintiff's failure to produce the Home Damage Evidence is not substantially justified.

### III.     Plaintiff's failure is prejudicial to Defendants.

Throughout her Response, Plaintiff responds to arguments not made by Defendants regarding the harm of her failure. Defendants are not arguing that Plaintiff's theory of damages was untimely disclosed. That is why Defendants do not object to her testifying on that topic. And Defendants do not argue that Plaintiff was required to produce *all* evidence that may *relate* to her damages. Defendants' position is far simpler than Plaintiff's depiction of it. Plaintiff failed to produce a single one of the documents at issue. These documents comprise all the evidence to be used at trial to prove these damages, other than her own testimony. No reasonable interpretation of "harmless" can encompass Plaintiff's failure to produce any of this evidence, which was always in her possession. Any discovery extension that could have been granted on April 17, 2023 (when Plaintiff actually disclosed the Home Damage Evidence) would have necessarily impacted the trial schedule as Defendants may have needed to re-depose Plaintiff and the parties may have needed to file an Amended Joint Proposed Pretrial Order to address any newly discovered evidence. "Disruption to the schedule of the court and other parties in that manner is not harmless" even where "the ultimate trial date [is] still some months away." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). Further, Plaintiff argues that Defendants "were radio silent on this issue" since Plaintiff disclosed the documents while the parties were drafting the Joint Proposed Pretrial Order. As a result, according to Plaintiff, Defendants cannot now complain about any prejudice caused. But that is simply not true. Defendants objected to these documents as not timely disclosed when first produced and identified on Plaintiff's list of exhibits. *See* Dkt. 63, Appendix A Nos. 13-21. And Defendants filed this motion at the time allowed by the Court in its Pretrial Order.

## III. Conclusion

For all of the foregoing reasons, Defendants respectfully request that this Court grant their Motion in Limine and preclude Plaintiff from using the Home Damage Evidence at trial.

DATED this 17th day of October, 2022.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: */s/ Tyler H. Stanton*
    Lisa Anne Smith
    Tyler H. Stanton
    2525 E. Broadway Blvd., Suite 200
    Tucson, AZ 85716-5300
    Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2023, I electronically transmitted the attached document to:

Jeffrey Willis
Jacob C. Jones
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701
jwillis@swlaw.com
jcjones@swlaw.com
*Attorneys for Plaintiff*

/s/  Edwina Campbell

I:\FILES\DOCS\ARIZ31\20200813\DOC\1873172.DOCX