Jeffrey Willis (ASB #004870)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone:  520.882.1200
E-Mail: jwillis@swlaw.com

Jacob C. Jones (ASB #029971)
Matthew Racioppo (ASB #040702)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602-382-6000
E-Mail: jcjones@swlaw.com
       mracioppo@swlaw.com

*Attorneys for Plaintiff*
*Rebecca Hartzell, Ph.D., BCBA-D*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D,<br><br>Plaintiff,<br><br>v.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; Andrea Divijak, in her individual capacity, and the Marital Community of Joseph Divijak and Andrea Divijak, husband and wife,<br><br>Defendants. | No. 4:21-cv-00062-SHR<br><br>**MOTION TO EXCLUDE:**<br><br>**HEARSAY STATEMENT OF SUPERINTENDENT DOUG WILSON, THAT HE INTENDED TO LIFT THE BAN ON APRIL 1, 2020** |

Plaintiff moves[1] to exclude any testimony (by Defendants' witnesses) that Superintendent Wilson stated internally to District employees ***that he intended to lift the ban against Plaintiff on April 1, 2020***, or any related testimony about Superintendent Wilson's intentions about lifting the ban.  When offered by Defendants it is classic hearsay

---

[1] Counsel have met and conferred telephonically on the relief sought in this motion and have not been able to reach an agreed resolution.

with no exception.[2] This does not involve any documentary evidence, nor does it involve any specific information provided in any witness disclosure by Defendants.[3] This is simply potential hearsay testimony that Defendants may or may not even offer at trial. In addition, there is a risk that at trial one of Defendants' witnesses may blurt out the hearsay statement as a part of an answer and before there is an opportunity to prevent the jury from hearing it. Because of those uncertainties, it was not clear to Plaintiff whether it was a proper topic of a Motion in Limine (and Plaintiff recognizes that the Motion in Limine deadline has passed). However, in an abundance of caution, Plaintiff raises this issue now, to respectfully attempt to avoid a discussion about this during the trial, in the event that Defendants' witnesses do attempt to testify about this hearsay statement.

---

[2] If offered by Plaintiff, it would not be hearsay because it would be a statement by a party-opponent. *See* Fed. R. Evid. 801(d)(2). Unlike Defendants, Plaintiff is allowed to testify about statements Superintendent Wilson made to her because those are not hearsay, when offered by Plaintiff. *Id*.

[3] Defendants' Rule 26(a) witness disclosure about Dr. Wilson does not disclose this new story about lifting the ban on April 1, 2020. The text of Defendants' April 26, 2022 Supplemental Disclosure Statement (the most recent such disclosure) is reproduced below:

Doug Wilson
Former Superintendent, Marana Unified School District
c/o DeConcini McDonald Yetwin & Lacy, P.C.
2525 E. Broadway Blvd., Ste. 200
Tucson, AZ 85716

Dr. Wilson was the MUSD Superintendent at the time of this incident. He will testify that it was his understanding that the Marana Police Department informed Dr. Hartzell not to be present on Dove Mountain's campus. Prior to his meeting with the Hartzells, he was aware that there had been an interaction and that Ms. Divijak reported that Dr. Hartzell grabbed her wrist to keep her from walking away. Dr. Wilson does not recall knowing what the conflict between Dr. Hartzell and Ms. Divijak was; the focus of the information presented to him was that Dr. Hartzell grabbed Ms. Divijak's wrist, not that she had a complaint about the event at the school. He will testify that prior to meeting with the Hartzells, he received a letter from Dr. Hartzell's criminal defense attorney, which stated that Dr. Hartzell would not make any statement about what happened on February 7, other than the written summary set forth in his letter. Therefore, the meeting focused on the logistics of how she could drop off and pick up her children, as was requested by her criminal attorney. Dr. Wilson recalls discussing that they could revisit the restriction in a few weeks, but before that could happen, the school was closed due to COVID-19. He is also expected to testify that MUSD has policies that permit a parent to take a complaint to the Governing Board but, to his knowledge, Dr. Hartzell did not take advantage of that process. Finally, Dr. Wilson will testify that he did not take any action because of Dr. Hartzell's words or opinions; he kept the campus restriction in place only as a result of Dr. Hartzell's action in grabbing Ms. Divijak's wrist.

It is a straightforward evidentiary issue.  For those reasons, and recognizing that a Motion in Limine is simply a written evidentiary objection, Plaintiff respectfully submits there is good cause for the Court to address this narrow issue, despite the passage of the Motion in Limine deadline.

Plaintiff anticipates that one or more of Defendants' witnesses—including Andrea Divijak, Assistant Superintendent Carolyn Dumler, or Assistant Superintendent Kristen Reidy—may attempt to testify that Superintendent Wilson told them *that he was planning to lift the ban against Plaintiff on April 1, 2020.*  Plaintiff expects Defendants to offer that statement for the purpose of proving the truth of the matter asserted: *that the District (i.e. Superintendent Wilson who undisputedly had the power to lift the ban) intended to lift the ban against Plaintiff on April 1, 2020.*  It is an out of court statement used to prove the truth of the matter asserted.  Fed. R. Evid. 803(c).

If the matter is true, Defendants are free to call Superintendent Wilson to testify personally as to what his intentions were at the time.  Plaintiff seriously doubts its truth (because if it were true there was no reason why the District would not have conveyed that information to Plaintiff at the time—which they undisputedly did not do), but Plaintiff will not be able to cross-examine the declarant (Superintendent Wilson) if the statement enters through one of the alleged hearers of the statement.

There is, of course, zero documentary evidence supporting this new, litigation-driven narrative, and it was never mentioned at any time in or around 2020, and it was not mentioned at all in Defendants' witness disclosures as late as April 26, 2022 (*see* n. 3 above). These are excerpts from Day 3 of the First Trial in this case:

> MR. JONES: Objection to hearsay about the conversation after.
>
> THE COURT: Counsel, it's not your job to interrupt her. You may move to strike[4] her answer, but it's not your job to tell me what her response is. You may continue.

---

[4] Plaintiff respectfully submits that moving to strike testimony that the jury has already heard is much less effective at preventing the jury from considering inadmissible evidence than is precluding the testimony in the first instance.

THE WITNESS [Carolyn Dumler]. Dr. Wilson had every intention of lifting the ban April 1st . . .

Q. And so your testimony is that Superintendent Wilson told you that he intended to lift the ban April 1st; is that right?

A. That is my understanding.

Q. And yet that never was communicated to Professor Hartzell, right?

A. Not as far as I know.

. . .

**Q. So my question is, is there any writing anywhere in this universe that you're aware of, written at or about the time in the spring of 2020, that says that Doug Wilson is going to lift the ban on April 1st?**

**A. No.**

**Q. Just your testimony that that's what he told you.**

**A. Correct.**

First Trial Transcript Day 3, ECF 112 at 78:8-24; 79:8-14 (emphasis added).

Relatedly, such testimony about "every intention" of Superintendent Wilson is also inadmissible due to lack of personal knowledge; these witnesses cannot speak to Superintendent Wilson's intentions.

Therefore, Plaintiff respectfully asks the Court to preclude such testimony.

SNELL & WILMER

DATED this 19th day of March, 2026.

SNELL & WILMER L.L.P.

By: *s/ Jacob C. Jones*
Jeffrey Willis (ASB #004870)
One South Church Avenue
Suite 1500
Tucson, Arizona  85701-1630

Jacob C. Jones (ASB #029971)
Matthew Racioppo (ASB #040702)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004

*Attorneys for Plaintiff*
*Rebecca Hartzell Ph.D., BCBA-D*

SNELL
& WILMER