# EXHIBIT A

Jeffrey Willis (ASB #004870)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone:  520.882.1200
E-Mail: jwillis@swlaw.com

Jacob C. Jones (ASB #029971)
Matthew Racioppo (ASB #040702)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: 602-382-6000
E-Mail: jcjones@swlaw.com
          mracioppo@swlaw.com

*Attorneys for Plaintiff*
*Rebecca Hartzell, Ph.D., BCBA-D*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D,<br><br>Plaintiff,<br><br>v.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; Andrea Divijak, in her individual capacity, and the Marital Community of Joseph Divijak and Andrea Divijak, husband and wife,<br><br>Defendants. | No. 4:21-cv-00062-SHR<br><br>**DECLARATION OF JACOB C. JONES** |

I, Jacob C. Jones, declare as follows:

1.      I am an attorney licensed to practice and in good standing in Arizona (since 2013) and Massachusetts (since 2024). I am employed as Counsel with the law firm of Snell & Wilmer L.L.P. ("Snell & Wilmer") (with whom I have been employed since 2012),

SNELL
& WILMER

attorneys of record in this action for Plaintiff Rebecca Hartzell ("Plaintiff").

2. Unless otherwise indicated, I state the following of my own personal knowledge and, if called upon to do so, I could and would competently testify to the facts herein. I have personal knowledge of all the legal services rendered in this case since approximately May 2021, and I learned about the legal services rendered prior to that from my former firm colleague Sandra Jonas (who had personal knowledge). At the time, she was departing the firm for other employment that precluded her from simultaneously continuing on this case[1], and—at Plaintiff's request—Ms. Jonas brought me up to speed on this case for the purpose of transitioning/substituting myself in as lead counsel.

3. I submit this Declaration in support of Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs (the "Motion") against Defendant Marana Unified School District ("District").

## Background

4. **Exhibit B** to the Motion is an itemized account of time expended in this matter by attorneys Kelly Dove, Sandra Jonas, myself, Matthew Racioppo, Amanda Weaver, and Jeff Willis. In addition, **Exhibit B** provides an itemized account of time expended in this matter by paralegals Natalie Hicks, Jorge Moreno, Kacey Overlund, Nicole Whitney, and Maureen Zachow.

5. **Exhibit B** is prepared using the contemporaneous billing records that were prepared and maintained by Snell & Wilmer in the regular course of its business and transmitted to Plaintiff.

6. The time entries present a contemporaneous description of work performed by the above professionals for which Plaintiff seeks recovery. The itemized account of time generally provides the name of the professional who did the work, a brief description of the work performed, the dates on which the work was performed, the amount of time expended in providing the services described (measured in tenths of an hour), the hourly billing rate,

---

[1] Later, Ms. Jonas returned to employment with the firm and in November 2023 was able to render additional legal services in this case in connection with the 2023 trial.

- 1 -

and the dollar amount for services performed.  The description of the itemized account of time is identical (or substantially identical) to the description of the services performed as communicated to Plaintiff. A few of the itemized time entries, however, are redacted to avoid divulging attorney-client privileged communications and/or information protected by the work product doctrine where such disclosure has not been authorized.

7.      The standard attorney billing rates for Snell & Wilmer's work vary depending on the particular attorney performing the work. Snell & Wilmer aims to staff cases efficiently, prioritizing the interests of the client. The case was staffed first primarily with Sandra Jonas (associate), and later primarily with myself (counsel), with Jeff Willis as the supervising partner. Kelly Dove (partner) and Amanda Weaver (initially associate then partner in 2026) provided appeal-related assistance. Matthew Racioppo (associate) joined the team to help with the trial in 2026. Maureen Zachow (senior paralegal) and Kacey Overlund (junior paralegal) provided paralegal support during the first trial, and Ms. Zachow also provided support throughout the case, together with paralegals Natalie Hicks, Jorge Moreno, and Nicole Whitney. Maureen Zachow retired between the first and second trials. In addition, the attorney billing rates are usually adjusted annually, effective each January. Plaintiff agreed to pay and has paid the adjusted rates as they changed throughout the representation.

a.      Jeffrey Willis has been practicing law for over 40 years, with a focus on complex commercial litigation. Mr. Willis is a Fellow in the American College of Trial Lawyers and a past President of the State Bar of Arizona. He has consistently been listed in the Best Lawyers in America® for "Bet-the-Company" and complex commercial litigation for the last two decades. Mr. Willis's standard billing rate was between $685 (2020) and $975 (2026) for work performed in this case. I believe Mr. Willis's rates to be to be comparable to the rates of other lawyers with similar credentials and levels of experience in this legal marketplace. Plaintiff has paid and does pay for Mr. Willis's time at his standard billing rates. Mr. Willis, with his vast trial experience, also provides significant value as a supervising partner and was consulted many times throughout this case (as reflected in

SNELL
& WILMER

many of my own billing entries) without Mr. Willis entering and billing a corresponding time entry of his own (even though I believe that attorneys collaborating in the best interests of the client can justify both attorneys charging for such time; I believe collaborating is not duplicative, it is simply a task that requires the minds of two or more persons).

b.    I am employed by Snell & Wilmer as a Counsel and have been employed as an attorney with Snell & Wilmer for more than thirteen years. I graduated from Arizona State University with a bachelor of science degree in 2009 in molecular biosciences and biotechnology, and the Sandra Day O'Connor School of Law at Arizona State University in 2012.  I was admitted to the State Bar of Arizona in 2013, to the Ninth Circuit in 2016, and have been admitted to multiple federal courts *pro hac vice*.  I am also admitted to practice before the United States Patent and Trademark Office. I am a litigator whose practice is focused on federal litigation; usually that includes intellectual property, technology litigation, and other commercial litigation, with additional focus in civil rights matters stemming initially from two prisoner civil rights cases in the District of Arizona (one of which included deposing a former prominent County Sheriff and over a dozen county jail employees, all defendants to that action). My experience includes primarily federal court civil litigation, often regarding patent and trademark infringement and validity; copyright infringement and ex parte impoundment; unfair competition; trade secret misappropriation; domain name disputes; and contracts relating to technology development, information technology services, and engineering services.  I also have experience in federal court litigating other consumer and civil rights cases and statutory actions such as Fair Credit Reporting Act cases. I moved to Massachusetts in 2022, primarily work remotely from there, and was admitted to the Massachusetts Bar in February 2024. I have litigated several federal cases in the District of Massachusetts and in state courts in Massachusetts since moving there. I was awarded Consumer Litigator of the Year in 2015 by the Volunteer Lawyers Program in Maricopa County based on several *pro bono* engagements. I have been listed as The Best Lawyers in America®: Ones to Watch, Commercial Litigation (2021-2026); Southwest Super Lawyers®, Intellectual Property Litigation (2024-2026); and

Southwest Super Lawyers®, Rising Stars Edition, Intellectual Property Litigation (2018-2022).

c.       When I met Plaintiff in 2021, she particularly valued my passion for First Amendment and parents' rights, coupled with my previous experience in civil rights cases against government officials and entities, as well as my ample federal court experience. When I informed Plaintiff that I was planning to move to Massachusetts, options were presented, but Plaintiff elected and believed it to be in her best interest to keep me as lead counsel on her case. My standard billing rate for Arizona based matters was between $460 (2021) and $645 (2026) for work performed in this case. However, my current standard rate for certain Massachusetts and other kinds of matters is $740 (which other clients have agreed to pay and have paid for my legal services in 2026). Throughout my 13 years of practice, I have consistently had a full workload and clients consistently pay my standard billing rates. I believe my rates to be to be comparable to the rates of other lawyers with similar credentials and levels of experience in this legal marketplace. Plaintiff has paid (or agreed to pay) for my time based on the standard billing rates (noted above).

d.       Sandra Jonas was at relevant times an Associate at Snell & Wilmer and a 2015 graduate of the University of Texas, College of Law and is licensed in both Texas and Arizona.  Her practice includes litigating complex business disputes, including breaches of contract and fiduciary duty, embezzlement and fraud, frequently in federal court. Ms. Jonas also has experience litigating matters arising under the FLSA, ADA, ADEA, Title VII and the NLRA and represents clients in trade secret and restrictive covenant disputes. Ms. Jonas's standard billing rate was between $321.04 (2020) and $445 (2023) for work performed in this case. I believe Ms. Jonas's rates to be to be comparable to the rates of other lawyers with similar credentials and levels of experience in this legal marketplace. Plaintiff has paid for Ms. Jonas's time at her standard billing rates.

e.       Kelly Dove is a Partner at Snell & Wilmer and has substantial experience litigating a wide variety of disputes including disputes like the pending action. Her practice is focused on commercial litigation and appellate law. Ms. Dove graduated first in her law

- 4 -

school class at the William S. Boyd School of Law in 2007. Ms. Dove also served as a judicial clerk to the Hon. Philip M. Pro of the United States District Court, District of Nevada, as well as a judicial clerk to the Hon. Jay S. Bybee of the United States Ninth Circuit Court of Appeals. She is admitted to practice in Nevada, Idaho, Oregon, and Washington. Her role in this case involved appellate-related advice during the First Trial and (briefly) the Second Trial and during the appeal to the Ninth Circuit. Ms. Dove's standard hourly billing rate was between $730.00 (2023) and $940 (2026); during the appeal (2024) it was $790. For this matter I believe Ms. Dove's rates to be to be comparable to the rates of other lawyers with similar credentials and levels of experience in this legal marketplace. Plaintiff has paid or agreed to pay for Ms. Dove's time at her standard billing rates.

f.      Amanda Weaver was an Associate at Snell & Wilmer in 2024 and became a Partner in 2026. She has been practicing litigation since 2018 with an emphasis in appeals, critical motions, and free speech issues, following a one-year clerkship with the Arizona Supreme Court after completing her law degree summa cum laude at the University of Arizona. She also holds a PhD in Applied Linguistics, with her dissertation focusing on free speech issues, including in the U.S. Constitution. Her role in this case involved appellate-related advice during the appeal to the Ninth Circuit and during the Second Trial. Ms. Weaver's standard hourly billing rate was between $535.00 (2024) and $675 (2026). For this matter I believe Ms. Weaver's rates to be to be comparable to the rates of other lawyers with similar credentials and levels of experience in this legal marketplace. Plaintiff has paid or agreed to pay for Ms. Weaver's time at her standard billing rates.

g.      Matthew Racioppo is an Associate at Snell & Wilmer in his first year of practice. He is a member of the firm's Litigation, Investigations, and Trials Practice Group. Mr. Racioppo received his Juris Doctor from Washington University and his Bachelor of Arts in Philosophy, Politics, Economics, and Law from the University of Arizona. Prior to joining the firm, Matthew served as a judicial extern for the Honorable Stephen P. McGlynn of the United States District Court for the Southern District of Illinois. Under my

supervision, Mr. Racioppo second-chaired the Second Trial, provided critical trial support, and took the direct examination of a key witness, Paul Gute. Mr. Racioppo's standard hourly billing rate was $475. For this matter I believe Mr. Racioppo's rates to be to be comparable to the rates of other lawyers with similar credentials and levels of experience in this legal marketplace. Plaintiff has agreed to pay for Mr. Racioppo's time at his standard billing rates (his involvement has been only since March 2026).

h.      Maureen Zachow (retired between the First Trial and the Second Trial) is an experienced paralegal who assisted in this matter with preparing discovery materials and other tasks during the case, and provided significant assistance in preparing for and supporting the First Trial. Ms. Zachow was the lead paralegal on my first several federal jury trials (including a month-long trial in N.D. California), and I know her to be an invaluable trial resource. Kacey Overlund was a junior paralegal (no longer with Snell & Wilmer) who worked with Ms. Zachow and also provided significant support, particularly regarding the management and presentation of trial exhibits, during the First Trial. Nicole Whitney, Natalie Hicks, and Jorge Moreno are also experienced paralegals who assisted in this matter with preparing documents and other miscellaneous discovery matters and record preparation (including for the appeal). The billing rates for these paralegals are as indicated in the billing records, ranging from $200 to $300 during the relevant periods. For this matter I believe the paralegals' rates to be to be comparable to the rates of other paraprofessionals with similar credentials and levels of experience in this legal marketplace. Plaintiff paid and agreed to pay for these paralegals' time at their standard billing rates throughout this case.

8.      From time to time throughout this case, at least nine other experienced litigators within the firm were consulted for strategic advice (usually by me) in advancement of Plaintiff's interests in this case; fees for such consultations were tracked, billed, and paid by Plaintiff, totaling $4,223. Because most of those were small (often an hour or less) involvements, Plaintiff has omitted them from **Exhibit B** and this fee request.

9.      Additionally, the detailed time records show several tasks for which time was recorded and billed but the "Total" column is "-". These were courtesy write-offs where the

time was not charged (even though the work was performed and reasonable), in exercise of my billing judgment. Based on my review, those courtesy deductions totaled $18,165.28.

### **Reasonableness of Rates**

10. In connection with this case and with the engagement letter between Snell & Wilmer and Plaintiffs, Snell & Wilmer has billed Plaintiffs on a monthly basis for all professional fees and costs, including both taxable and non-taxable costs, as they are incurred. Plaintiffs are billed for professional fees on an hourly basis. Plaintiffs have been billed, and have agreed to pay, for work performed by me and the other attorneys in connection with this case. **Exhibit K** to the Motion is a true and accurate copy of Snell & Wilmer's engagement/fee agreement with Plaintiff. Although the agreement originally specified that the scope was for Notice of Claim and demand letter only (and did not originally include litigation), Plaintiff and the firm later agreed to expand the scope to include this litigation. The billing rates have also been adjusted periodically, as noted in the agreement.

11. The effective billing rates of the professionals and paraprofessionals on this matter (total billed dollars divided by billed hours) are shown in the chart below, which was calculated from the data in Exhibit B:

| Name | Hours | Total | Effective Rate |
|---|---|---|---|
| Jones, Jacob | 1197.9 | $ 689,306.00 | $ 575.43 |
| Racioppo, Matthew | 108.2 | $ 51,395.00 | $ 475.00 |
| Dove, Kelly H. | 10.7 | $ 8,294.00 | $ 775.14 |
| Jonas, Sandra | 94.7 | $ 31,876.00 | $ 336.60 |
| Zachow, Maureen L | 71.9 | $ 21,524.00 | $ 299.36 |
| Overlund, Kacey | 41.6 | $ 9,360.00 | $ 225.00 |
| Weaver, Amanda | 11.3 | $ 6,713.50 | $ 594.12 |
| Willis, Jeff | 5.7 | $ 5,283.00 | $ 926.84 |
| Whitney, Nicole L. | 18.8 | $ 5,216.00 | $ 277.45 |
| Moreno, Jorge Arm | 16.8 | $ 4,529.00 | $ 269.58 |
| Hicks, Natalie | 15.0 | $ 3,553.50 | $ 236.90 |
| **Total** | **1592.6** | **$ 837,050.00** | **$ 525.59** |

12. The aforementioned billing rates are reasonable given due consideration to the factors set forth in Arizona Rule of Professional Conduct 1.5, including the ability,

training, education, experience, skill, and professional standing of each attorney, the novelty and difficulty of the work performed, the time and skill required, the time limitations and responsibility imposed, and the result obtained. These hourly rates also are comparable to the hourly rates prevailing in the community for similar work performed by similarly experienced attorneys at comparable law firms.

**Costs**

13.    In addition to their reasonable attorneys' fees, Plaintiffs incurred reasonable costs in the amount of $59,397.58, which are itemized in **Exhibit C** to the Motion, which is comprised of information generated from Snell & Wilmer's billing and cost tracking system. Based on my review and knowledge of the facts (or on information and belief as to events before May 2021), the cost items in **Exhibit C** are correct and have been necessarily incurred in this case, and the services for which expenses or fees were charged were actually and necessarily performed. Based on my experience, they are also expenses that are customarily billed to clients in this community, and they were billed to and paid by Plaintiff (or she has agreed to pay them).

**Reasonableness of Time Spent, Fees Incurred, and Fees Sought**

14.    As noted above, **Exhibit B** represents fees which Plaintiffs have paid or have agreed to pay and have been invoiced or will be invoiced by Snell & Wilmer.

15.    In reviewing monthly bills before submitting them to Plaintiff, Snell & Wilmer eliminated time for certain tasks in the exercise of my billing judgment. Further, in the exercise of my billing judgment, I did not charge Plaintiff for Jeff Willis's (valuable) time for many occasions when I consulted with Jeff Willis on this case.

16.    I have reviewed **Exhibit B**. In my opinion, and in consideration of the Rules of Professional Conduct, all of the legal services provided by Snell & Wilmer and being requested in the Motion as detailed in **Exhibit B** were reasonable and necessary to the successful pursuit of the lawsuit. No time spent was unreasonable, wasted, inappropriate, or unnecessary.

17.    Taken as a whole, applying the above-referenced billing rates to our time, the

- 8 -

total attorneys' fees reasonably incurred in connection with litigating this action, which Plaintiffs have paid or are obligated to pay, and which Plaintiff now seeks, is $837,050. The total costs reasonably incurred in connection with litigating this action, which Plaintiffs have paid or are obligated to pay, and which Plaintiff now seeks, is $59,397.58 (some of which is taxable and some nontaxable). I submitted a Bill of Costs today with what I believe are the taxable costs. Whatever is not allowed as taxable costs I believe qualify as nontaxable costs.

18.    Plaintiff agreed to pay these fees and costs and has paid most of them as they were billed. As to unpaid balance and recent billings, Plaintiff has regularly made substantial (five-figure) payments against the remaining balance.

19.    Included in Section V of the Motion is a Conferral Certification. The facts asserted therein are true and correct. Although no agreement was reached, the parties have agreed to further discuss Plaintiff's application for an award of attorneys' fees and costs in an effort to reach an agreement.

20.    **Exhibits D through J** of the Motion are true and correct copies of what they purport to be on their face: news articles, legal alerts and reports, and journal articles obtained online by myself or other firm employees at my request.

21.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

In Northborough, Massachusetts

DATED April 24, 2026.

/s/ Jacob C. Jones_____
Jacob C. Jones