# EXHIBIT A

Place Holder
Exhibit A is being submitted separately as Excel Spreadsheet

# EXHIBIT B

Jeffrey Willis (ASB#004870)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone: 520.882.1200
E-Mail: jwillis@swlaw.com

Jacob C. Jones (ASB #029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602-382-6000
E-Mail: jcjones@swlaw.com

*Attorneys for Plaintiff*
*Rebecca Hartzell, Ph.D., BCBA-D*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Rebecca Hartzell, Ph.D., BCBA-D | No. 4:21-cv-00062-SHR |
|---|---|
| Plaintiff, | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MARANA UNIFIED SCHOOL DISTRICT** |
| v. | |
| Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; Dove Mountain CSTEM K-8 is an elementary school under the supervision and control of Marana Unified School District; and Andrea Divijak, in her individual capacity, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Rebecca Hartzell, Ph.D., BCBA-D ("Plaintiff Hartzell") submits the following First Set of Interrogatories to Defendant Marana Unified School District ("MUSD"), to be answered fully and separately, in writing, and under oath within thirty (30) days after service.

**INTERROGATORIES**

1.     State all material legal and factual bases supporting your alleged defense that Plaintiff failed to exhaust administrative remedies.

**ANSWER:**

2.     State all material legal and factual bases supporting your alleged defense that a timely notice of claim was not provided with respect to each state law claim in this case for which you contend a timely notice of claim was not provided.

**ANSWER:**

3.     State all material legal and factual bases supporting your alleged defense that Defendant Divijak is entitled to absolute immunity and/or qualified immunity.

**ANSWER:**

4.    State in detail all information in your possession, custody, or control regarding the document a copy of which was produced at HARTZELL000059, including but not limited to the identity of the author of the note beginning with "This occurred at a K-8 school . . ." and ending with ". . . working with kids," and the identity of the person or persons who delivered it to the University of Arizona.

**ANSWER:**

5.    State in detail all information in your possession, custody, or control regarding the letter and envelope a copy of which was produced at UA000003-4, including but not limited to the identity of the author of the letter and the identity of the person or persons who dispatched it to the United States Postal Service.

**ANSWER:**

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

- 3 -

6.    State all material legal or factual bases why Plaintiff Hartzell was not given a full and fair hearing regarding her trespass from the MUSD property.

**ANSWER:**

7.    Describe in detail the nature of the trespass order issued to Plaintiff Hartzell from the MUSD property, including the detailed scope and duration thereof, the reason(s) therefor, and how and when all such information was communicated to Ms. Hartzell.

**ANSWER:**

8.    State all material legal or factual bases why Plaintiff Hartzell was not given timely status updates regarding her trespass from the MUSD property.

**ANSWER:**

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

- 4 -

9.      Identify the name, address, telephone number, and employment affiliation of the individual(s) who requested a trespass order be issued against Plaintiff Hartzell.

**ANSWER:**

DATED this 4th day of March, 2022.

SNELL & WILMER L.L.P.

By: *s/*
Jeffrey Willis
One South Church Avenue
Suite 1500
Tucson, Arizona  85701-1630

Jacob C. Jones (ASB #029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202

*Attorneys for Plaintiff*
*Rebecca Hartzell Ph.D., BCBA-D*

- 5 -

## CERTIFICATE OF SERVICE

I certify that on this 4th day of March, 2022, the foregoing document was served via hand-delivery and email to:

Lisa Anne Smith
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Boulevard, Suite 200
Tucson, AZ 85716-5300
Email:  lasmith@dmyl.com
*Attorneys for Defendants*

_____

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

- 6 -

Jeffrey Willis (ASB#004870)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone: 520.882.1200
E-Mail: jwillis@swlaw.com

Jacob C. Jones (ASB #029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602-382-6000
E-Mail: jcjones@swlaw.com

*Attorneys for Plaintiff*
*Rebecca Hartzell, Ph.D., BCBA-D*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D<br><br>Plaintiff,<br><br>v.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; Dove Mountain CSTEM K-8 is an elementary school under the supervision and control of Marana Unified School District; and Andrea Divijak, in her individual capacity,<br><br>Defendants. | No. 4:21-cv-00062-SHR<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ANDREA DIVIJAK** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Rebecca Hartzell, Ph.D., BCBA-D ("Plaintiff Hartzell") submits the following First Set of Interrogatories to Defendant Andrea Divijak ("Defendant Divijak"), to be answered fully and separately, in writing, and under oath within thirty (30) days after service.

**INTERROGATORIES**

1.    State all material legal and factual bases supporting your alleged defense that Plaintiff failed to exhaust administrative remedies.

**ANSWER:**

2.    State all material legal and factual bases supporting your alleged defense that a timely notice of claim was not provided with respect to each state law claim in this case for which you contend a timely notice of claim was not provided.

**ANSWER:**

3.    State all material legal and factual bases supporting your alleged defense that Defendant Divijak is entitled to absolute immunity and/or qualified immunity.

**ANSWER:**

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

- 2 -

4.　　State in detail all information in your possession, custody, or control regarding the document a copy of which was produced at HARTZELL000059, including but not limited to the identity of the author of the note beginning with "This occurred at a K-8 school . . ." and ending with ". . . working with kids," and the identity of the person or persons who delivered it to the University of Arizona.

**ANSWER:**

5.　　State in detail all information in your possession, custody, or control regarding the letter and envelope a copy of which was produced at UA000003-4, including but not limited to the identity of the author of the letter and the identity of the person or persons who dispatched it to the United States Postal Service.

**ANSWER:**

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

- 3 -

6.      State all material legal or factual bases why Plaintiff Hartzell was not given a full and fair hearing regarding her trespass from the MUSD property.

**ANSWER:**

7.      Describe in detail the nature of the trespass order issued to Plaintiff Hartzell from the MUSD property, including the detailed scope and duration thereof, the reason(s) therefor, and how and when all such information was communicated to Ms. Hartzell.

**ANSWER:**

8.      State all material legal or factual bases why Plaintiff Hartzell was not given timely status updates regarding her trespass from the MUSD property.

**ANSWER:**

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

- 4 -

9.    Identify the name, address, telephone number, and employment affiliation of the individual(s) who requested a trespass order be issued against Plaintiff Hartzell.

**ANSWER:**

DATED this 4th day of March, 2022.

SNELL & WILMER L.L.P.


By: *s/*
    Jeffrey Willis
    One South Church Avenue
    Suite 1500
    Tucson, Arizona  85701-1630

    Jacob C. Jones (ASB #029971)
    SNELL & WILMER L.L.P.
    One Arizona Center
    400 East Van Buren Street, Suite 1900
    Phoenix, Arizona 85004-2202

    *Attorneys for Plaintiff*
    *Rebecca Hartzell Ph.D., BCBA-D*

- 5 -

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of March, 2022, the foregoing document was served via hand-delivery and email to:

Lisa Anne Smith
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Boulevard, Suite 200
Tucson, AZ 85716-5300
Email:  lasmith@dmyl.com
*Attorneys for Defendants*

_____

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

- 6 -

Jeffrey Willis (ASB#004870)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone:  520.882.1200
E-Mail: jwillis@swlaw.com

Jacob C. Jones (ASB #029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602-382-6000
E-Mail: jcjones@swlaw.com

*Attorneys for Plaintiff*
*Rebecca Hartzell, Ph.D., BCBA-D*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Rebecca Hartzell, Ph.D., BCBA-D, | No. 4:21-cv-00062-SHR |
|---|---|
| Plaintiff, | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT MARANA UNIFIED SCHOOL DISTRICT** |
| v. | |
| Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; Dove Mountain CSTEM K-8 is an elementary school under the supervision and control of Marana Unified School District; and Andrea Divijak, in her individual capacity, | |
| Defendants. | |

Procedure 26 and 34, requests that Defendant Marana Unified School District ("MUSD") produce for inspection and copying, within the time provided in the Federal Rules of Civil Procedure, the documents described below at the offices of Snell & Wilmer, LLP One South Church Avenue, Suite 1500 Tucson, Arizona 85701-1630.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1.    Any and all nonprivileged emails, text messages, letters, memoranda, notes, or other documents sent to or from, or mentioning or referring to Rebecca Hartzell, with the *exception* of any such documents that were distributed en masse (*e.g.* periodic blast newsletters) to parents of children attending a Marana Unified School District school.

2.    Any and all nonprivileged written statements provided to any person concerning the events described in the Complaint.

3.    Any and all nonprivileged communications regarding preservation of audio and/or video evidence relating to the allegations in the Complaint.

4.    Any and all nonprivileged communications to or from Carolyn Dumler mentioning or referring to Rebecca Hartzell, with the *exception* of any such documents that were distributed en masse (*e.g.* periodic blast newsletters) to parents of children attending a Marana Unified School District school.

5.    Any and all nonprivileged communications to or from Carolyn Dumler mentioning or referring to Rachael Thomas, with the *exception* of any such documents that were distributed en masse (*e.g.* periodic blast newsletters) to parents of children attending a Marana Unified School District school.

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

DATED this 4th day of March, 2022.

SNELL & WILMER L.L.P.

By: *s/*
Jeffrey Willis
One South Church Avenue
Suite 1500
Tucson, Arizona 85701-1630

Jacob C. Jones (ASB #029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202

*Attorneys for Plaintiff*
*Rebecca Hartzell Ph.D., BCBA-D*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of March, 2022, the foregoing document was served via hand-delivery and email to:

Lisa Anne Smith
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Boulevard, Suite 200
Tucson, AZ 85716-5300
Email: lasmith@dmyl.com
*Attorneys for Defendants*

Jeffrey Willis (ASB#004870)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone:  520.882.1200
E-Mail: jwillis@swlaw.com

Jacob C. Jones (ASB #029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602-382-6000
E-Mail: jcjones@swlaw.com

*Attorneys for Plaintiff*
*Rebecca Hartzell, Ph.D., BCBA-D*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Rebecca Hartzell, Ph.D., BCBA-D, | No. 4:21-cv-00062-SHR |
|---|---|
| Plaintiff, | **PLAINTIFF'S FIRST RULE 34 REQUEST TO DEFENDANT ANDREA DIVIJAK** |
| v. | |
| Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; Dove Mountain CSTEM K-8 is an elementary school under the supervision and control of Marana Unified School District; and Andrea Divijak, in her individual capacity, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Rebecca Hartzell, Ph.D., BCBA-D ("Professor Hartzell") propounds the following Request for Production of a "designated tangible thing[]" (Fed. R. Civ. P. 34(a)(1)(B)) upon Defendant Andrea Divijak ("Ms. Divijak").

1.     Professor Hartzell requests that Ms. Divijak provide a fresh sample of Ms. Divijak's saliva containing Ms. Divijak's DNA, as further set forth below.

Pursuant to Rule 34(b)(1)(A), Professor Hartzell describes the requested matter

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

"with reasonable particularity" as follows: A sample of the saliva ordinarily produced by the salivary glands in and around Ms. Divijak's mouth.  The volume requested is approximately 2 mL (or approximately ½ teaspoon).

Pursuant to Rule 34(b)(1)(B), Professor Hartzell specifies a "reasonable time [and] place]" as follows: It is requested that this sample be produced in-person directly by Ms. Divijak at Plaintiff's counsel's office at One South Church Avenue, Suite 1500, Tucson, Arizona 85701-1630, at 10:00 AM on April 4, 2022.[1]

Pursuant to Rule 34(b)(1)(B), Professor Hartzell describes the "manner . . . for performing the related acts" as follows: It is requested that Ms. Divijak directly produce the requested volume of saliva, from her mouth, into a test-tube.  The test-tube will be handed to Ms. Divijak by an Arizona registered nurse (RN) or licensed practical nurse (LPN) who is specially retained for this task, and who will be able and available to assist Ms. Divijak in the sample collection, if needed.  The test-tube will be from a sterile, factory-sealed package, and the RN or LPN will handle it in a sterile fashion (*e.g.*, with medical gloves).  Ms. Divijak's counsel may be (and is encouraged to be) present at all times.  Professor Hartzell's counsel will also be present, except that during the sample collection, Plaintiff's counsel will accommodate Ms. Divijak's privacy by providing a private room outside of the presence of Plaintiff's counsel.  In that private room, Ms. Divijak may produce the sample into the test-tube in the presence of only her own counsel and the RN or LPN mentioned above.  Professor Hartzell will not be present.  It is expected that all individuals present will wear face masks, due to the ongoing pandemic.[2]  Professor Hartzell's counsel will take all reasonable steps to ensure the privacy and confidentiality of this sample production, and to ensure the process occurs in a highly dignified, professional manner.  Upon completion of the sample collection, the RN or LPN will seal the test-tube and deposit into a box suitable for shipping.  The RN or LPN will also complete a chain-of-custody

---

[1] If needed, Professor Hartzell is amenable to discussing, through counsel, a different date or time for the convenience of Ms. Divijak and her counsel.

[2] It is expected that Ms. Divijak would remove her mask to the extent necessary to provide the saliva sample.

documentation, which Ms. Divijak will also be requested to execute in the presence of Plaintiff's counsel and the RN or LPN.  The chain-of-custody documentation will also be deposited into the box with the test-tube.  The RN or LPN will seal the box with tamper-evident tape.  A mailroom employee at the office will then deposit the sealed box for FedEx overnight shipping to:

> DNA Reference Laboratory
> 5282 Medical Dr. Suite 312
> San Antonio Texas 78229

It is, thereafter, anticipated that the DNA from Ms. Divijak's saliva sample will be forensically compared, by professionals at DNA Reference Laboratory, with one or more other samples of interest in this action.

The requested sample is necessary in view of Ms. Divijak's denial of involvement with respect to certain written correspondence relevant in this action.  Professor Hartzell, through counsel, is willing to discuss any further reasonable accommodations in this process.  If there is any concern regarding a COVID-19 infection or possible infection, reasonable accommodations will be made to reschedule and otherwise provide for as safe an environment as is reasonable under the circumstances.

DATED this 4th day of March, 2022.

SNELL & WILMER L.L.P.

By: *s/* _____
Jeffrey Willis
One South Church Avenue
Suite 1500
Tucson, Arizona  85701-1630

Jacob C. Jones (ASB #029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202

*Attorneys for Plaintiff*
*Rebecca Hartzell Ph.D., BCBA-D*

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

- 3 -

## CERTIFICATE OF SERVICE

I certify that on this 4th day of March, 2022, the foregoing document was served via hand-delivery and email to:

Lisa Anne Smith
DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Boulevard, Suite 200
Tucson, AZ 85716-5300
Email:  lasmith@dmyl.com
*Attorneys for Defendants*

_____

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

- 4 -

# EXHIBIT C

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Lisa Anne Smith (AZ # 16762)
lasmith@dmyl.com
Tyler H. Stanton (AZ # 34526)
tstanton@dmyl.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D<br><br>Plaintiff,<br><br>vs.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; and Andrea Divijak in her individual capacity and the Marital Community of Joseph Divijak and Andrea Divijak, husband and wife,<br><br>Defendants. | NO. 4:21-cv-00062-SHR<br><br>**AFFIDAVIT IN SUPPORT OF RESPONSE TO PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS** |

I, Lisa Anne Smith, being first duly sworn upon my oath, depose and state:

1.      I am an attorney with the law firm of DeConcini McDonald Yetwin and Lacy, P.C. ("DMYL"), and I practice litigation in state and federal court. My experience includes litigation of civil rights and constitutional law claims.

2.      I graduated from law school in 1995 and have been working as an attorney since 1995. I have 31 years of experience.

3.      My current standard hourly rate is $450/hour but I have billed for this litigation at the rate of $260/hour. My rate is typically increased from year to year.

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

4.    My colleague Tyler H. Stanton is a litigation attorney with 8 years of experience. He bills his time at the standard hourly rate of $330/hour but has billed for this litigation at the rate of $235/hour.

5.    I believe my rates are fair and reasonable in the Arizona legal market for an attorney of my experience and expertise.

6.    I engaged in settlement negotiations with Plaintiff's counsel at various times over the course of this litigation.

7.    Around August of 2021, Jacob Jones told me his client wanted an apology, attorneys' fees, and "to make it stop," to settle the case. This conversation was not, to my recollection or as shown in my records, ever reduced to a specific demand or offer to settle. At the same time, Mr. Jones informed me that he had informed his client that defendants were not likely to apologize.

8.    Plaintiff never offered to settle for zero dollars.

9.    At a settlement conference in 2021, Plaintiff offered to resolve this matter for $50,000 *if* Divijak and her husband provided a DNA sample to test against the envelope delivered to Plaintiff's employer. Plaintiff later made three offers on February 13, 2024. One option called for payment of $10,000 to Plaintiff and, among other acts, called for Principal Divijak to sign a letter addressed to Plaintiff, the University of Arizona, and others, stating that "Despite prior allegations to the contrary, Professor Hartzell: never grabbed me, never wrapped her fingers around my wrist or arm; and never held on to me, for any amount of time."

AFFIANT says nothing further.

DATED this 15th day of May, 2026.

Lisa Anne Smith

2

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

SUBSCRIBED AND SWORN to before me this 15 day of May, 2026, by Lisa Anne Smith.

_____
Notary Public

NOTARY SEAL:

CATHERINE F. LANGHAM
Notary Public - State of Arizona
PIMA COUNTY
Commission # 668936
Expires June 06, 2028

COPIES of the foregoing sent via electronic mail this 15 day of May, 2026, to:

Jeffrey Willis
Jacob C. Jones
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701
jwillis@swlaw.com
jcjones@swlaw.com
*Attorneys for Plaintiff*

By: /s/ Chloe Burkholder

3

# EXHIBIT D

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Lisa Anne Smith (AZ # 16762)
lasmith@dmyl.com
Tyler H. Stanton (AZ # 34526)
tstanton@dmyl.com
*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D<br><br>Plaintiff,<br><br>vs.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; and Andrea Divijak in her individual capacity and the Marital Community of Joseph Divijak and Andrea Divijak, husband and wife,<br><br>Defendants. | NO. 4:21-cv-00062-SHR<br><br>**AFFIDAVIT IN SUPPORT OF ATTORNEYS' FEES AND COSTS** |

I, Barney M. Holtzman, being first duly sworn upon my oath, depose and state:

1.    I am an attorney with the law firm of Mesch Clark & Rothschild, and I practice litigation in state and federal court. My experience includes litigation of civil rights and constitutional law claims.

2.    I graduated from law school in 1995 and, following a one-year clerkship on the Arizona Supreme Court, have been working as an attorney in Arizona. I have 31 years of experience.

3.    My current hourly rate is $525/hour and my rate is typically increased from year to year. My hourly rate for 2025 was $495/hour.

4.    My partner Nathan S. Rothschild is a plaintiff's attorney with 14 years of experience and bills his time at the hourly rate of $400.

5.    I believe my rates are fair and reasonable in the Arizona legal market for an attorney of my experience and expertise.

DATED this 14ᵈ day of May 2026.

_____
Barney M. Holtzman

SUBSCRIBED AND SWORN to before me this 14ᵗʰ day of May 2026, by Barney M. Holtzman.

_____
Notary Public

NOTARY SEAL:



LOLLIENA HANNIGAN
Notary Public, State of Arizona
Pima County
Commission # 680277
My Commission Expires
January 11, 2029

COPIES of the foregoing sent via
electronic mail this ___ day of May, 2026, to:

Jeffrey Willis
Jacob C. Jones
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701
jwillis@swlaw.com
jcjones@swlaw.com
*Attorneys for Plaintiff*

By: */s/ Chloe Burkholder* _____

DeCONCINI McDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

2

# EXHIBIT E

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Lisa Anne Smith (AZ # 16762)
lasmith@dmyl.com
Tyler H. Stanton (AZ # 34526)
tstanton@dmyl.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D<br><br>Plaintiff,<br><br>vs.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; and Andrea Divijak in her individual capacity and the Marital Community of Joseph Divijak and Andrea Divijak, husband and wife,<br><br>Defendants. | NO. 4:21-cv-00062-SHR<br><br>**AFFIDAVIT IN SUPPORT OF ATTORNEYS' FEES AND COSTS** |

I, Denise Lowell-Britt, being first duly sworn upon my oath, depose and state:

1.      I am an equity shareholder with the law firm of Udall Shumway, P.L.C.  in Mesa, Arizona.  I have been practicing law at Udall Shumway since 1987.

2.      Attorneys in my firm practice in a variety of fields, including litigation in state and federal court. Attorneys in the firm who practice federal court litigation and have 10 to 20 plus years of experience charge an hourly rate of $400.00 to $475.00/hour.  For example, equity partner Joel E. Sannes has over 20 years' experience practicing law in Arizona.  His

DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

hourly rate is $475.00.  Partner David Ferrucci has been practicing law for 17 years.  His hourly rate is $425.00.

3.    Based upon our firm's years of experience handling litigation matters for public and private clients, I believe the rates charged by our experienced litigation attorneys are fair and reasonable in the Arizona legal market.

DATED May 14, 2026.

_Denise Lowell Britt_

Denise Lowell-Britt

SUBSCRIBED AND SWORN to before me this 14th day of May, 2026, by _____.

Notary Public

NOTARY SEAL:

VIVIANA CASTELLANOS
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 674080
Expires November 1, 2028

COPIES of the foregoing sent via
electronic mail this __ day of May, 2026, to:

Jeffrey Willis
Jacob C. Jones
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701
jwillis@swlaw.com
jcjones@swlaw.com
*Attorneys for Plaintiff*

By: */s/ Chloe Burkholder*

2

# EXHIBIT F

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Rebecca Hartzell,                    )
                                     )
      Plaintiff,                     )
                                     )          4:21-cv-00062-SHR
vs.                                  )
                                     )          March 25, 2026
Marana Unified School               )          3:27 p.m.
District, et al.,                   )          Tucson, Arizona
                                     )
      Defendants.                    )
_____)

**TRANSCRIPT OF PROCEEDINGS**
**JURY TRIAL**
**DAY 2**
**PART 2**

BEFORE THE HONORABLE SCOTT H. RASH
UNITED STATES DISTRICT JUDGE
TUCSON, ARIZONA

Anne Bouley Meyer, RPR
405 W. Congress Street, Suite 1500
Tucson, AZ 85701
(520)205-4266

Proceedings reported by realtime court reporter
Transcript prepared by computer-aided transcription

Q.  You are alleging that you suffered damages as a result of the anonymous document that was delivered to your office, correct?

A.  Yes.

Q.  You -- can you separate out what the damages to your reputation occurred as a result -- that you believe occurred as a result of the document as opposed to as a result of the trespass?

A.  The damages having to do with all of the damages I talked about?

Q.  We talked about the house earlier, so let's not talk about that.  But all of the other damages that you're claiming: reputational, emotional, distress, headaches.  You can't separate out what they were caused by, correct?

A.  They -- the damages that I discussed throughout this trial were caused by both the defamation and the retaliation for my speech.

Q.  Now, the defamation, the alleged defamation, is this document, anonymous document, dropped off at your office, right?

A.  Yes.

Q.  And your employer did not, to your knowledge, launch any investigation, after receiving that document into you, correct?

        MR. STANTON:  Objection, foundation.

        THE COURT:  Overruled.  She is asking her knowledge.

think less of me?  No.

Q.  Now, you're also claiming that since April 29th of 2022, you have suffered an additional $400,000 in emotional, reputational, and related harm, right?

A.  Correct.

Q.  But you also cannot tell whether you think that harm that was suffered by you after April of 2022 to the present was caused by the anonymous document sent to the university or whether it was caused by your -- the trespass from Dove Mountain?

        MR. JONES:  Objection, asked and answered.

        THE COURT:  Overruled.

A.  All of that contributed to substantial difficulties in a number of areas.

BY MS. SMITH:

Q.  Okay.  And the basis for your claim that you suffered these additional damages since 2022 is that you have turned down professional opportunities that were offered to you, right?

A.  I have also gone through a lot of medical and mental difficulties.  But, yes.

Q.  Okay.  Sorry.  And I was only asking about these reputational harms.  I understand that there is also pain and suffering.  But I'm talking about these reputational damages, okay?

A.  Right.  You've just given a few different numbers, so it's

Q.   But there also have been things that you said yes to, correct?  For example, you were asked to, and you did, participate in the Wealth of Families Podcast that aired on December 3rd of 2024, right?

A.   Yes.  That's my brother's best friend.

Q.   And you were interviewed by the Arizona Daily Star in August of 2023?

A.   I was also asked to do that interview.

Q.   By your employer, right?

A.   Yes.  Uh-hum.

Q.   And in each choice -- in each potential opportunity where you turned it down, that was your choice to turn it down, correct?

A.   I did continue to do my job and did what they asked me to do, yes.

Q.   But all of these other opportunities that you're alleging are damages -- missing out on these opportunities you are alleging as damages against the district and/or Ms. Divijak --

A.   Correct.

Q.   -- you made the choice not to pursue those opportunities even though they were offered to you?

A.   Out of concern for what might possibly come up, yes.

Q.   Right.  I think you said on direct, a simple Google search could pull this up?

A.   Correct.

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE STATE OF ARIZONA

Rebecca Hartzell, Ph.D., BCBA-D,    )
                                    )
                Plaintiff,          )
                                    )
            vs.                     )    No. 4:21-cv-00062-SHR
                                    )
Marana Unified School District, a   )
governmental entity organized and   )
existing under the laws of the      )
State of Arizona; and Andrea        )
Divijak, in her individual          )
capacity,                           )
                                    )
                Defendants.         )
_____)

DEPOSITION OF REBECCA HARTZELL

Tucson, Arizona

September 11, 2025

RAYNBO COURT REPORTING, LTD.

3625 West Gailey Drive
Tucson, Arizona   85741
(520)349-0169

Reported by:  Raynbo Silva, RPR, CR
              Certified Reporter No. 50014

REBECCA HARTZELL
9/11/2025

emotional pain of that incident; correct?

A.   That's part of it, yes.

Q.   You're not saying that anybody like punched you or ran you over or anything; correct?

A.   No.

Q.   It stems from the emotional harms that arose from that incident?

A.   Yes.  And there's like the reputational part of it that also is sort of linked to the emotional harm, so yeah.

Q.   But the physical pain and suffering flows from those harms?

A.   The harms that were done as a result of the district and Principal Divijak, yes.

Q.   And that first document that was delivered we talked about a little bit that also caused you emotional harm; correct?

A.   That's part of the emotional harm and the reputational damage, yes.

Q.   How did you arrive at this $600,000 number?

A.   Well, we -- I believe it's a conservative number. And I feel like I've tried to be very reasonable through this entire process, but I deal with to some degree or another physical pain every single day and emotional pain on a fairly regular basis and reputational damage on a very regular basis.

REBECCA HARTZELL
9/11/2025

has affected my confidence and affected my interactions with others. And there's like a lot of times throughout the day professionally and personally that this issue becomes a problem.

So no. Do I think that will stop after the lawsuit? I don't.

Q. Not stop. Reduce?

A. It's hard to say.

Q. Would you say the lawsuit itself has been stressful?

A. I think lawsuits are stressful for most people.

Q. I agree.

So the $500,000 starting on line 11 in approximate future pain and suffering and emotional and reputational harms related to the items described above, did I read that line starting on line 11 correct?

A. Yeah.

Q. What portion of that $500,000 is for physical pain and suffering versus the emotional versus reputational harms?

A. I mean I -- we didn't divide it out for a reason. It's hard to separate all of them and know.

Q. We'd just talked about it. You came up with a $600,000 number for existing pain and suffering.

How did you come up with the $500,000 for future,

RAYNBO COURT REPORTING, LTD.

REBECCA HARTZELL
9/11/2025

future pain and suffering and emotional and reputational harm?  How did you arrive at that number?

A.   Well, I certainly hope that after a jury of my peers find that I was retaliated against for my speech in the school district and that I was trespassed from my children's school as a result of my exercise of free speech and after a jury has found that Principal Divijak did defame me and that has caused problems with my professional career, I do hope that at some point I'll be able to start putting my reputation back to possibly where it was before 2020 and that I'll be able to have some closure on the emotional and physical pain.

But the number was to address how this will continue to be an ongoing issue in my life.

Q.   And so that was just your opinion or estimate of what it would take to remedy you for what it's going to -- the impact it's going to continue to have on you?

A.   Well, there's no remedy to having a reputation that was pretty pristine before 2020 and is less so now.  I mean there's no remedy to that.

There's no remedy to the difficulty as a mom that I've gone through the last five years trying to help my children and totally uprooting our family.  Like none of that, there's no remedy to that.

Q.   So then how did you come up with the 500,000?

RAYNBO COURT REPORTING, LTD.

REBECCA HARTZELL
9/11/2025

hard to parcel out like what pain has to do with my emotions today, what pain had to do with my reputation today.  It's just an ongoing thing I have to deal with all day long every day.

Q.   I see now why I caused the confusion is because the 500 does say reputational harms in it.  So I think we'll move on and it will make sense --

A.   Okay.

Q.   -- but thank you.

But in that same two lines starting on 13 it says other related harm because of MUSD's misconduct --

A.   13 on page 10?

Q.   On page 10, correct.

A.   Okay.

Q.   It says other related harm because of MUSD's misconduct; correct?

A.   Correct.

Q.   So are you alleging that that document delivered to the U of A caused these reputational harms as well based on our prior discussion?

I'm sorry.  I think I might have just confused you.

A.   I do actually think that the letters contributed to reputational harm, but I don't think it's limited to them, no.

REBECCA HARTZELL
9/11/2025

Q.   Do you think the letter had anything to do, just focusing on these examples on page 10, do you think the letter had anything to do with these four, I suppose?  Or were you --

A.   On why I passed up these opportunities?

Q.   Correct.

A.   I don't think the letter helped, but I think just the entire process and the entire issue that started in February but has continued on is part of why I did not feel like those were professional opportunities I could pursue.

Q.   So starting with that first one it says you were asked to do a podcast that would have generated additional significant profit.  Is that correct?

A.   Yeah.  I mean it's speculation how much profit it would have garnered depending on how interesting I was, but it was not a, it was not an opportunity I felt like I could pursue.

Q.   So did someone ask you to host or appear on a podcast?

A.   No.  I have a research group.  There's about five of us that meet on a fairly regular basis to discuss some of the issues having to do with behaviors in the schools, which has become a major concern, and behaviors within the home and some of the ways in which we're addressing some of those behaviors.

REBECCA HARTZELL
9/11/2025

A.   I think it's still in the process.

Q.   But as you sit here today it's not formally created or official yet?

A.   I actually don't know the status of it.  I haven't talked to Carl in a bit.

Q.   But you are not aware that it is?

A.   I know I just renewed my license with the psychologist examiners, so it's not up and running yet.  But I don't know how close it is in the process of approval.

Q.   Did the other members of your research group decide to pursue writing that book that we discussed?

A.   No.

Q.   And I'm hoping this can be the final time that I ask you about it by asking fairly clearly.

So as you sit here today, do you believe that all of your damages are caused by the combination of the ban from Dove Mountain, the first document, which is the criminal docket printout that was delivered to the university, the second document that was also delivered to the university that is not currently at issue and then Principal Divijak's oral statements?

And I can restate the question because I went on for a long time after that.

A.   Yeah.  So say that one more time.

Q.   Sure.  So those four things, the ban, the two

REBECCA HARTZELL
9/11/2025

letters or two documents and Principal Divijak's oral statements, as you sit here today do you believe that all of your damages are caused by a combination of those things?

MR. JONES:  Object to the form.

A.    Yeah.  I would say the damages extend to or result from more than just her oral statements or more than just the letters, and it seems that there was a coordinated effort to retaliate against me for my speech that I had engaged in with Marana Unified School District.  And so I would say that that is also a significant piece of them.

Q.    So we can include that within the category.  So the district's retaliation and the two documents and oral statements made by Principal Divijak, do you believe your damages are caused by a combination of those things?

MR. JONES:  Object to the form.

A.    Yeah.  I don't know that I would limit it to only that --

Q.    Well, are there any other --

A.    -- but certainly those are all part of it for sure.

Q.    So we kind of went through, I believe, four examples in here, the podcast, the public office, publishing a book and joining the licensing board, and you declined to do those to avoid the publicity or notoriety or to avoid this incident coming back up; is that correct?

# EXHIBIT H

New Theory of Liability at Summary Judgment

1. Laan v. Lancaster, D. Alaska 2025 (adding new theory of liability at summary judgment stage would prejudice defendant).

2. Keen v. Municipality of Anchorage, D. Alaska 2026 (plaintiff may not add a new theory of liability at the summary judgment stage).

3. M.D. v. Cty. of San Bernardino, C.D. Cal. 2025 (claim cannot be raised for the first time in opposition to summary judgment if compliant does not put defendant on notice of factual allegations).

4. Layne v. City of Hesperia, C.D. Cal. 2025 (plaintiff may not turn around and surprise the defendant at the summary judgment stage with a completely different theory).

5. Crossley v. West Ada Sch. Dist., D. Idaho 2026 (summary judgment is not a chance to flesh out inadequate pleadings).

6. Cottonwood Environmental Law Ctr. v. Yellowstone Mountain Club, D. Montana 2025 (summary judgment is not a chance to flesh out inadequate pleadings).

7. Seeto v. Kendall, D. Nev. 2026 (cannot surprise the defendant at summary judgment stage with a completely different theory).

8. Smith v. Las Vegas Metropolitan Police Dept., D. Nev. 2026 (adding new theory of liability at summary judgment stage would prejudice defendant).

9. Resorts World Las Vegas LLC v. Rock Fuel Media, Inc., D. Nev. 2026 (cannot surprise the defendant at summary judgment stage with a completely different theory).

No Clearly Established Right to be Free From Ban

10. Underwood v. San Diego Unified Sch. Dist., S.D. Cal. 2026 (requiring articulation of a specific right to defeat qualified immunity and finding that, as of 2024, parents did not have a clearly established right to be free from being banned from school grounds).

General Standard of Review

11. D. M. v. Oregon Sch. Activities Ass'n, 9th Cir. 2025 (unreported mem. decision) (summary judgment reviewed de novo, evidence must be construed in the light most favorable to non-movant).

12. Lewis v. Sunrise Hospital and Medical Center, 9th Cir. 2025 (unreported mem. decision) (evidentiary errors reviewed for abuse of discretion, grant of summary judgment reviewed de novo).

Three Distinct Legal Theories

13. Gates v. Town of Quartzsite, D. Ariz. 2026 (amended order) (three ways in which a plaintiff can satisfy Monell's policy requirement: official policy, longstanding practice/custom, final policymaker).

   a. There is an earlier order in this case which was superseded by the above. It has the same citation to the Monell rule.

14. Gagne v. City of Mesa, D. Ariz. 2025 (same citation as above in Gates, the three ways a plaintiff can satisfy Monell's policy requirement, and the "final policymaker theory" is a separate legal theory from the policy/practice/custom theory).

15. Bell v. Saddleback Valley Unified Sch. Dist., N.D. Cal. 2025 (Monell theories are separate and involve different methods of proving liability).

16. White v. City of St. Louis, E.D. Miss. 2025 (different Monell theories have different elements and are separate legal theories).

17. Gerwaski v. Nevada, D. Nev. 2025 (entity can be subject to § 1983 liability when it acts under policy, practice/custom, or individual was final policymaker).

Defamation

18. Tayts v. Gacutan, N.D. Cal. 2026 (the words "harass," "bully," "intimidate," and "threaten," are not actionable because they describe an interpretation of communications).

Scheduling Order/Interlocutory Order Modifications

19. Fanmio v. Garcia, C.D. Cal. 2026 (once entered, scheduling order may be modified only for good cause, requiring a showing of diligence).

20. T&R Chemicals, Inc. v. Caragum Int'l, C.D. Cal. 2025 (as long as district court has jurisdiction, it may reconsider, rescind, or modify an interlocutory order).

21. Zurich American Insurance Co. v. VForce Inc., E.D. Cal. 2025 (as long as district court has jurisdiction, it may reconsider, rescind, or modify an interlocutory order).

22. Doe v. LexisNexis Risk Data Mgmt., LLC, D. Oregon 2025 (scheduling order may only be modified for good cause).

23. Iovance Biotherapeutics, Inc. v. Fed. Ins. Co., N.D. Cal. 2025 (scheduling order may only be modified for good cause).

Parents 14th Amend. Rights General Statement of Law

24. Underwood v. San Diego Unified Sch. Dist., S.D. Cal. 2025 (same case as #2 above) (parents have substantive due process right to direct the upbringing and education of children under their control).