IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Hartzell, | No. CV-21-00062-TUC-SHR |
| Plaintiff, | **ORDER** |
| v. | |
| Marana Unified School District, et al., | |
| Defendants. | |

Pending before the Court is Defendant Marana Unified School District's Motion for Judgment as a Matter of Law or New Trial. (Doc. 204.) The Motion is fully briefed. (Docs. 209, 212.) For the following reasons, the Court will deny the District's Motion for Judgment as a Matter of Law and set oral argument on the District's Motion for New Trial.

I.     BACKGROUND[1]

In February 2021, Plaintiff initiated this action against Defendants. Plaintiff filed her First Amended Complaint in April 2021 (Doc. 16), alleging First Amendment retaliation against all Defendants under 42 U.S.C. § 1983; free speech retaliation against all Defendants under the Arizona Constitution; denial of procedural due process against the District; defamation per se against Defendant Divijak; and false light invasion of privacy against Defendant Divijak. (*Id.* at 11–16.) Defendants moved for summary judgment on all counts. (Doc. 38.) The Court granted in part and denied in part

---

[1] The parties are familiar with the underlying facts and the Court will not recite them here.

Defendants' motion and allowed Plaintiff's First Amendment retaliation claim against the District and defamation claim against Defendant Divijak to proceed to trial.  (Doc. 59.)

During trial, at the close of Plaintiff's case, the Court granted judgment as a matter of law on the First Amendment claim against the District, stating a reasonable jury would not have not have a legally sufficient evidentiary basis to find for Plaintiff on that claim. (Doc. 113 at 29.)  The jury subsequently rejected Plaintiff's defamation claim, which was the only cause of action submitted to it.  (Doc. 107.)

Plaintiff appealed, and, as relevant here, the Ninth Circuit reversed the Court's judgment for the District on Plaintiff's First Amendment retaliation claim because the District's official policy of barring "offensive or inappropriate" speech was unconstitutional and a reasonable jury could have concluded Plaintiff was banned from school grounds pursuant to the District's "expressly adopted official policy" rather than because of her alleged assault of Divijak.  *See Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam) (stating a plaintiff can establish a § 1983 claim against a government entity in one of three ways, one of which is establishing the entity acted "pursuant to an expressly adopted official policy" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978))).  Accordingly, the Ninth Circuit remanded that claim for retrial.

At the second trial, after remand, the Court allowed Plaintiff's § 1983 First Amendment retaliation claim against the District to go to the jury despite the District's Motion for Judgment as a Matter of Law at the close of Plaintiff's case.  (Doc. 183 at 101– 103.)  The District requested, and the Court allowed, specific interrogatories in the jury verdict forms requiring the jury to expressly find whether Plaintiff was "precluded from school property pursuant to [the policy]," and the jury so found, awarding Plaintiff $200,000 in damages.  (Doc. 153 at 4–5; Doc. 195 at 3–5.)  The District subsequently filed the instant renewed Motion for Judgment as a Matter of Law or New Trial.  (Doc. 204.)

. . . .

. . . .

## II.    DISCUSSION

### A.  Renewed Motion for Judgment as a Matter of Law

Pursuant to Federal Rule of Civil Procedure 50, a district court may set aside a jury verdict as a matter of law if a reasonable jury would not have had a legally sufficient evidentiary basis to support the verdict.  "A renewed motion for judgment as a matter of law should be granted if the evidence permits only one conclusion and that conclusion is contrary to the jury's verdict." *Martin v. Cal. Dep't of Veterans Affs.*, 560 F.3d 1042, 1046 (9th Cir. 2009).  Conversely, a "jury's verdict must be upheld if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014).  "In making this determination, the court must not weigh the evidence, but should simply ask whether the plaintiff has presented sufficient evidence to support the jury's conclusion." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008).  The Court must review the evidentiary record "in the light most favorable to the nonmoving party, draw all reasonable inferences in favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.*  "[I]n protecting the province of the jury, we do not weigh the evidence or make credibility determinations in assessing the propriety of granting judgment as a matter of law." *Id.*  The jury is the "constitutional tribunal provided for trying facts in courts of law." *Id.* (quoting *Berry v. United States*, 312 U.S. 450, 453 (1941).

The District contends it is entitled to judgment in its favor as a matter of law because Plaintiff failed to present sufficient evidence to allow a reasonable jury to find in her favor on her First Amendment retaliation claim under § 1983.  The District argues Plaintiff presented no evidence at trial establishing a "causal connection" between the District policy at issue and Plaintiff's removal from campus, "let alone that the policy was the 'moving force' behind the ban." *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (stating to prevail on a municipal liability claim, a plaintiff must show government entity "had a deliberate policy, custom, or practice that was the 'moving force'

behind the constitutional violation he suffered" (quoting *Monell*, 436 U.S. at 694)).

As discussed above, following the Court's grant of judgment as a matter of law in favor of the District on Plaintiff's First Amendment claim during the first trial, the Ninth Circuit determined the Court had erred in doing so because a reasonable jury could have concluded Plaintiff was unconstitutionally banned pursuant to an official District policy. The Ninth Circuit explained Plaintiff had "presented sufficient evidence for a reasonable jury to conclude that the District relied on . . . [the] policy, rather than [Plaintiff]'s alleged assault on Divijak, to ban [Plaintiff] from the Dove Mountain school premises." (Doc. 126-1 at 24.) Such evidence included the language of the policy itself, which expressly prohibits "speech or language that is offensive or inappropriate to the limited forum of the public school educational environment." (*Id.* at 28–29.) In considering this language, the Ninth Circuit noted Assistant Superintendent Dumler's testimony implying parents could be banned from school premises because of offensive or inappropriate speech. (*Id.* at 29.) The Ninth Circuit further explained a jury could have inferred from the facts of the February 2020 incident between Plaintiff and Defendant Divijak—including Plaintiff sarcastically thanking Divijak for "making [her] choose which kid [she was] going to support again today" and Divijak's emotional reaction—that Plaintiff had been banned due to offensive or inappropriate speech. (*Id.*) Finally, the Ninth Circuit pointed to the timing of the ban as another reason why a reasonable jury could have found the policy was a moving force behind the ban on Hartzell, noting Plaintiff had been banned "almost immediately after saying things Divijak could reasonably find offensive." (*Id.* at 30.)

In attempting to distinguish the retrial from the first trial, the District points to testimony of Defendant Divijak and Assistant Superintendent Dumler expressly denying Plaintiff's speech was offensive or inappropriate, Plaintiff's admission no one at the District mentioned the policy in banning her from campus, Dumler's testimony the District did not rely on the policy and would have cited the policy had the District relied on it, and Divijak's testimony she had never seen the policy before this lawsuit began, and, even after reviewing it, she does not believe it would have allowed her to ban a parent from campus.

(Doc. 204 at 2–3.)  Although favorable to the District, this testimony—much of which was also presented during the first trial—does not provide a basis for granting judgment as a matter of law in the District's favor because the Court must "disregard all evidence favorable to [the District] that the jury is not required to believe."  *Harper*, 533 F.3d at 1021.  As the Ninth Circuit found on appeal after the first trial, there is sufficient evidence for a jury to find in favor of Plaintiff on her First Amendment retaliation claim.  The District has failed to meaningfully distinguish the evidence presented in this trial from the evidence presented in the first trial, and the Court must take care to follow the terms of the Ninth Circuit's mandate and may not issue an order "counter to the spirit of the circuit court's decision."  *Wininger v. SI Mgmt. L.P.*, 244 F. App'x 156, 157 (9th Cir. 2007) (citation omitted).  Accordingly, the Court will deny the District's renewed Motion for Judgment as a Matter of Law.

### B.  Motion for New Trial

The Court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  Recognized grounds for a new trial "include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'"  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).  A motion for new trial may be granted based on insufficiency of the evidence "only if the verdict is against the 'great weight' of the evidence or 'it is quite clear that the jury has reached a seriously erroneous result.'"  *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987) (quoting *Digidyne Corp. v. Data Gen. Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984)).  Unlike a Rule 50 motion, a district court reviewing a motion for a new trial has the duty **"to weigh the evidence as [the Court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence,"** where the Court believes **"the verdict is contrary to the clear weight of the evidence"** or to prevent a miscarriage of justice.  *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)

(emphasis added) (quoting *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957), *cert. denied*, 356 U.S. 968 (1958)); *see Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 742 F.3d 377, 390 (9th Cir. 2014) (stating district court can weigh the evidence and assess the credibility of the witnesses in considering a motion under Rule 59).  "The authority to grant a new  trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court."  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Dees v. County of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020).

In order for the District to be liable under *Monell*, Plaintiff was required to establish the District "had a deliberate policy, custom, or practice that was **the** 'moving force' behind the constitutional violation [s]he suffered."  *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (emphasis added) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  In other words, Plaintiff needed to show the District's action "was taken with the requisite degree of culpability and demonstrate a direct causal link between the . . . action and the deprivation of federal rights."  *Bd. of Cnty. Comm'rs of Bryan County v. Brown*, 520 U.S. 520 U.S. 397, 404 (1997).  To meet this exacting causation requirement, Plaintiff **"must establish both causation-in-fact and proximate causation."**  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (emphasis added); *see Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996) ("Pointing to a municipal policy action or inaction as a 'but-for' cause is not enough to prove a causal connection under *Monell*.  Rather, the policy must be the proximate cause of the section 1983 injury."); *Gibson v. County of Washoe*, 290 F.3d 1175, 1196 (9th Cir. 2002) ("In order to be a 'moving force' behind [a plaintiff's] injury, we must find that the 'identified deficiency' in the [municipality's] policies is 'closely related to the ultimate injury.'" (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989))).

The District argues a new trial is justified because the weight of the evidence in this case "established the lack of a causal connection between" the District's policy and Plaintiff's ban from campus. (Doc. 204 at 7.)  Although the Court finds there was sufficient evidence for a reasonable jury to find for Plaintiff on her First Amendment retaliation

claim, the Court, in weighing the evidence itself, as it must in considering a motion for new trial, *see Murphy*, 914 F.2d at 187, is inclined to grant the District's Motion for New Trial based on the following.  At trial, Defendant Divijak testified she was not aware of the policy and did not believe the policy gave the District authority to ban parents based on offensive speech.  *See James v. Harris County*, 577 F.3d 612, 619 (5th Cir. 2009) ("A reasonable jury could not find that the alleged policy was the moving force behind Wilkinson's alleged excessive force, when there was no evidence that Wilkinson had knowledge of such policy.").  Additionally, Assistant Superintendent Dumler testified no one at the District had stated they relied on the policy and she had never discussed the policy with Divijak or senior staff at the District in relation to Plaintiff's removal from campus.  The Court finds no reason to discredit this testimony.  Further, it was police, rather than District administrators, who trespassed Plaintiff from campus, and Plaintiff presented no evidence police knew about or acted pursuant to the policy in doing so.  *See McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000) ("Since it is clear that no state policy served as the 'moving force' behind the violation, there was no proximate causality between the municipality's acts and the [injury].").  While the language of the policy appears to allow the District to ban parents for offensive speech, it does not mandate that District employees do so, and therefore the Court must apply "rigorous standards of culpability and causation . . . to ensure that the municipality is not held liable solely for the actions of its employee." *Brown*, 520 U.S. at 405.  The Court is unconvinced those standards have been met here.  The Court finds additional argument regarding the issues related to a new trial outlined above would be beneficial and will therefore set oral argument on the District's Motion for New Trial.

## III.    CONCLUSION

**IT IS ORDERED** the District's Motion for Judgment as a Matter of Law (Doc. 204) is **DENIED**.

**IT IS FURTHER ORDERED** oral argument on the District's alternative Motion for New Trial is set for **60 minutes** on **Wednesday, August 26, 2026, at 10:00 a.m.** in

Courtroom 5C, 405 West Congress Street, Tucson, AZ 85701.

Dated this 13th day of July, 2026.

Honorable Scott H. Rash
United States District Judge