IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Rebecca Hartzell,

Plaintiff,

v.

Marana Unified School District, et al.,

Defendants.

No. CV-21-00062-TUC-SHR

**ORDER DENYING MOTION FOR NEW TRIAL**

Pending before the Court is Defendant Marana Unified School District's Motion for New Trial. (Doc. 204.) The Motion is fully briefed, and the Court heard oral argument on the Motion on August 26, 2026.[1] (Docs. 209, 212, 219.) For the following reasons, the Court will deny the District's Motion for New Trial.

## I. BACKGROUND[2]

In February 2021, Plaintiff initiated this action against Defendants. Plaintiff filed her First Amended Complaint in April 2021 (Doc. 16), alleging First Amendment

[1] Following oral argument, Plaintiff filed a document entitled "Plaintiff's Supplemental Authorities and Objections Regarding Defendants' Rule 59 Motion for New Trial." (Doc. 221.) Because Plaintiff neither sought nor obtained leave to file its post-argument Supplement, the Supplement is unauthorized and the Court will not consider it in ruling on the District's Motion for New Trial. *See* LRCiv 7.2 (providing for responsive and reply memoranda only and stating the Court has authority to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order"); *Silvas v. GMAC Mortg., LLC*, No. CV-09-00265-PHX-GMS, 2009 WL 4573234, at *3 (D. Ariz. Dec. 1, 2009) (declining to consider a surreply filed without leave).

[2] The parties are familiar with the underlying facts and the Court will not recite them here.

retaliation against all Defendants under 42 U.S.C. § 1983; free speech retaliation against all Defendants under the Arizona Constitution; denial of procedural due process against the District; defamation per se against Defendant Divijak; and false light invasion of privacy against Defendant Divijak. (*Id.* at 11–16.) Defendants moved for summary judgment on all counts. (Doc. 38.) The Court granted in part and denied in part Defendants' motion and allowed Plaintiff's First Amendment retaliation claim against the District and defamation claim against Defendant Divijak to proceed to trial. (Doc. 59.)

During trial, at the close of Plaintiff's case, the Court granted judgment as a matter of law on the First Amendment claim against the District, stating a reasonable jury would not have not have a legally sufficient evidentiary basis to find for Plaintiff on that claim. (Doc. 113 at 29.) The jury subsequently rejected Plaintiff's defamation claim, which was the only cause of action submitted to it. (Doc. 107.)

Plaintiff appealed, and, as relevant here, the Ninth Circuit reversed the Court's judgment for the District on Plaintiff's First Amendment retaliation claim because the District's official policy of barring "offensive or inappropriate" speech was unconstitutional and a reasonable jury could have concluded Plaintiff was banned from school grounds pursuant to the District's "expressly adopted official policy" rather than because of her alleged assault of Divijak. *See Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam) (stating a plaintiff can establish a § 1983 claim against a government entity in one of three ways, one of which is establishing the entity acted "pursuant to an expressly adopted official policy" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978))). Accordingly, the Ninth Circuit remanded that claim for retrial.

At the second trial, after remand, the Court allowed Plaintiff's § 1983 First Amendment retaliation claim against the District to go to the jury despite the District's Motion for Judgment as a Matter of Law at the close of Plaintiff's case. (Doc. 183 at 101–103.) A defamation claim against Defendant Divijak was also submitted to the jury. The District requested, and the Court allowed, specific interrogatories in the jury verdict forms

requiring the jury to determine whether Plaintiff was "precluded from school property pursuant to [the policy]," and the jury so found, awarding Plaintiff $200,000 in damages. (Doc. 153 at 4–5; Doc. 195 at 3–5.) The jury found against Plaintiff on the defamation claim.

Plaintiff moved for an award of attorneys' fees and non-taxable costs[3] (Doc. 201), and the District subsequently filed a renewed Motion for Judgment as a Matter of Law or New Trial (Doc. 204). The Court denied the District's Motion for Judgment as a Matter of Law by written order and held oral argument on the Motion for New Trial.

## II. DISCUSSION

The District argues a new trial is justified because the weight of the evidence in this case "established the lack of a causal connection between" the District's policy and Plaintiff's ban from campus. (Doc. 204 at 7.) The Court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a)(1)(A), including claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving," *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). A motion for new trial may be granted based on insufficiency of the evidence "only if the verdict is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result." *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987) (citation and internal quotation marks omitted); *see Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990) (stating a new trial may be granted where the verdict is contrary to the clear weight of the evidence or to prevent a miscarriage of justice).

While the jury's verdict in this case rests on thin evidence, none of the District's arguments set forth in its briefing or offered at oral argument ultimately persuade the Court it should disrupt the jury's verdict. *See Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987) ("Doubts about the correctness of the verdict are not

---

[3] The Court will address Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs (Doc. 201) in a separate order.

sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake.”). The jury’s verdict in Plaintiff’s favor is not against the clear weight of the evidence and upholding the verdict will not result in a miscarriage of justice. *See Murphy*, 914 F.2d at 187. Accordingly, the Court will deny the District’s Motion.[4]

## III. CONCLUSION

**IT IS ORDERED** the District’s Motion for New Trial (Doc. 204) is **DENIED**.

Dated this 11th day of September, 2026.

Honorable Scott H. Rash
United States District Judge

---

[4] Although not raised in the District’s Motion for New Trial, the Court finds the damages awarded to Plaintiff—while not reasonable under the facts of this case—are not grossly excessive. *See Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996) (stating courts “allow substantial deference to a jury’s finding of the appropriate amount of damages” and will uphold the jury’s damages award “unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork”).