DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
(520) 322-5000

Lisa Anne Smith (AZ # 16762)
lasmith@dmyl.com
Tyler H. Stanton (AZ # 34526)
tstanton@dmyl.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Rebecca Hartzell, Ph.D., BCBA-D<br><br>Plaintiff,<br><br>vs.<br><br>Marana Unified School District, a governmental entity organized and existing under the laws of the State of Arizona; and Andrea Divijak in her individual capacity and the Marital Community of Joseph Divijak and Andrea Divijak, husband and wife,<br><br>Defendants. | NO. 4:21-cv-00062-SHR<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**<br><br>(Assigned to Hon. Scott H. Rash) |

Defendant Marana Unified School District (the "District"), through counsel undersigned, hereby submits this response to Plaintiff Rebeca Hartzell's Supplemental Motion for Attorneys' Fees and Non-Taxable Costs (Doc. 226). For the reasons expressed herein, the Court should award no more than $27,243.00 in fees under the request made in the Supplemental Motion and no more than $539.70 in supplemental non-taxable costs. Additionally, in Plaintiff's Reply in support of her original Motion for Attorneys' Fees and Non-Taxable Costs, Plaintiff requested supplemental fees.[1] The Court should award no more than $30,555.00 in fees under the request made in the Reply. Attached to this Response as

[1] The Court directed that the District include its responses to the arguments made in Plaintiff's Reply in this filing by Order dated September 30, 2026. (Doc. 225.)

**Exhibit A** is a spreadsheet detailing the District's objections to specific time entries and its calculations of an appropriate award.[2]

## I. Factual and Procedural Background

Plaintiff filed her original Motion for Attorneys' Fees and Non-Taxable Costs on April 24, 2026. (Doc. 201.) Plaintiff sought $837,050.00 in attorney and paraprofessional fees and $59,397.58 in non-taxable costs. The District responded in opposition and argued that the Court should award Plaintiff no more than $357,732.18 in attorneys' fees and no more than $24,696.29 in non-taxable costs. (Doc. 206.) Plaintiff then filed a Reply, seeking an additional $65,338.50 in fees. (Doc. 216.) Now, Plaintiff has filed a Supplemental Motion for Attorneys' Fees and Non-Taxable Costs, seeking an egregious $87,077.34 in fees and $5,708.84 in non-taxable costs, largely based on preparing for a single, one-hour oral argument on the Motion for New Trial, which had already been fully briefed. (Doc. 226.)

Plaintiff partly seeks fees for settlement strategizing and negotiation efforts which were undertaken in a calculated fashion such that the District did not have a meaningful opportunity to consider or respond to them. The District's Governing Board is a public body that cannot approve settlement without a meeting. Although Plaintiff is aware of this fact, Plaintiff made repeated settlement demands with deadlines that expired before the District could consider the offers at a Board meeting. These offers included express terms that they would remain open if Defendants' counsel and the District's Superintendent would agree to recommend the District accept the offer, without any regard for the fact that such recommendations are not binding on the District and would still require Board approval. On

[2] Plaintiff spends multiple pages arguing the frivolity of the District's Motion for Judgment as a Matter of Law or New Trial. But the District was required to file the Motion for Judgment as a Matter of Law to preserve its right to appeal certain issues. And while the Court ultimately denied the Motion for New Trial, the Motion was sufficiently meritorious to warrant the Court ordering oral argument. Because the District's Motion was plainly meritorious, though unsuccessful, the District does not spend time responding to this argument in depth in this Response.

May 28, 2026, Plaintiff made an offer to settle the fee issue that expired at close of business the next day, giving the District's counsel no opportunity to present the offer to the Board. *See* **Exhibit B**. The District's counsel nevertheless communicated with the District Superintendent on short notice to make a counteroffer, contingent on Board approval. Plaintiff rejected that offer. On June 5, 2026, the District engaged in good faith settlement negotiations, again explaining that Board approval was needed for any settlement and requesting that Plaintiff respond with any changes to a draft settlement agreement and a fee award amount by noon on June 8, 2026, to allow the settlement terms to be included on the public agenda for the District's June 11 Board meeting. Plaintiff's response was to *increase* her previous settlement demand by $15,000. *See* **Exhibit C**. On September 16, 2026, Plaintiff made another offer that was also only open for less than 48 hours and also required counsel and the District superintendent to "fully and unreservedly recommend the [Board] accept the offer." *See* **Exhibit D.**

On September 25, 2026, Plaintiff sought additional time to file its Supplemental Motion for Fees, representing that the purpose of the request was, at least in part, to engage in settlement discussions. (Doc. 223.) Yet Plaintiff did not extend a settlement offer on the supplemental fees until six days later, on October 1, 2026, and did so with an offer that required the District to "promptly pay," before the next day when the Supplemental Motion was due. This offer was impossible to meet without an opportunity for Board discussion or approval. *See* **Exhibit E**.

## II. Legal Standard

The starting point for determining a "reasonable" fee to be awarded "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the "number of hours reasonably expended," Courts "exclude … excessive, redundant, or otherwise unnecessary" hours." *Id.* at 434. The "fee applicant bears the burden of establishing entitlement to an award and

documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Courts must then apply a "reasonable hourly rate" to calculate the initial lodestar figure. This number is "to be calculated according to the prevailing market rates in the relevant community, taking into consideration the experience, skill, and reputation of the attorney." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (internal quotation marks and citations omitted). The burden remains on the "fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community" for similarly skilled, experienced, and reputable attorneys. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (emphasis added).

## III. Argument

### A. Eligibility for Fees

As conceded in the Response to Plaintiff's original Motion for Fees, Plaintiff is entitled to an award of reasonable attorneys' fees based on the jury's verdict in her favor on one of the three claims she brought under 42 U.S.C. § 1983. However, Plaintiff is not entitled to fees for time that was unreasonably expended or fees billed at an unreasonable hourly rate. The present Motion is rife with excessive and unreasonable time billed at rates that exceed the prevailing market rates in the relevant community.

### B. Lodestar Calculation

The Court must first determine the number of hours reasonably expended in the matter, excluding excessive, redundant, or unnecessary time, as well as block-billed entries which prevent the Court from assessing the reasonableness of the time billed. This number is then multiplied by a reasonable hourly rate based on the relevant locality. As explained in the Response to the original Motion for Fees, the rates charged by Plaintiff's counsel are excessive in relation to the relevant market. For the following reasons, the District requests that the Court find only 63.9 hours of the Supplemental Motion's fee request and 67.9 hours of the request found in the Reply be deemed "reasonably expended" in this matter and that

the hourly rate be capped at $450/hour for Mr. Jones, $450/hour for Ms. Weaver, and $300/hour for Mr. Racioppo.

i. Time Entries to be Excluded

The Court should exclude or reduce the time entries marked on Exhibit A to this Response as excessive, redundant, and unnecessary, or because they were related to settlement efforts which were not undertaken in good faith but rather to unreasonably expand the time billed.

a. Duplicative and Excessive Time

Counsel expended 30.9 hours on the Response to the District's Rule 50(b) and Rule 59 Motion. Some of this time was duplicative and unnecessary, including the 3.8-hour entry on May 19, 2026, and the 8.4-hour entry on May 21, 2026, for time spent drafting the opposition which counsel had already spent more than 18 hours writing. Similarly, counsel spent 36.8 hours preparing the original Fee Motion, of which at least the 4.9 hours on April 22, 2026, were duplicative and excessive. Counsel spent 25.8 hours on the Reply brief in support of the original Motion for Fees, of which at least the 4.4 hours on May 29, 2026, were duplicative and excessive.

Perhaps most concerning, counsel spent a jaw-dropping 79.5 hours preparing for the one-hour oral argument on the Motion for New Trial—after the opposition to that Motion had been fully written and filed. While some preparation time can be considered reasonable, such as the initial 5.9 hours of research, the substantial bulk of that time is unreasonable on its face. For example, counsel spent at least 22.2 hours researching sources as far-ranging as the Federalist Papers and Blackstone's Commentaries, to trace the "common law basis for the new trial" and its "evolution since the 1700s." Counsel also spent 3.8 hours researching "the 4.0 acres case that involves the eminent domain taking of the land on which the Tucson federal court sits" to prepare an analogy for oral argument. While perhaps these were interesting research topics, the work was not relevant to the issues before the Court. These

topics were not even brought up at the oral argument and should be excluded. On the morning of oral argument, counsel spent 4.2 hours preparing in addition to the 75.3 hours already expended.

Further, Plaintiff should not recover fees for time spent "researching" how to execute on her judgment. On September 16, 2026, at 7:45 pm local time, Plaintiff's counsel sent an email requesting, *inter alia*, confirmation about whether the District would be filing a notice of appeal and notifying the District that Plaintiff planned to seek a Writ of Mandamus to force the District to pay the judgment. District counsel responded on September 17, 2026, at 10:25 am local time that payment of the judgment with accrued interest would be delivered to Plaintiff's counsel's office the following Monday, September 21, 2026. Plaintiff's counsel billed an additional 1.4 hours on September 17, 2026, researching strategies for collection, even though he had already done the research prior to sending his September 16, 2026, email stating an intent to seek a Writ of Mandamus and had already been informed that payment of the judgment was forthcoming. Then, after the payment was already received by his office on September 21, 2026, Plaintiff's counsel spent another 1.4 hours on September 25, 2026, researching the exact same topic. These amounts are plainly excessive and unreasonable.

Finally, Plaintiff's counsel did not seek leave to file, nor did the Court authorize, supplemental briefing following the oral argument on the Motion for New Trial. The 13.9 hours spent on post-argument strategy and research was therefore not justified and is not compensable, including the hours expended on August 26, 2026, August 27, 2026, and August 28, 2026.

b. Settlement Efforts Not in Good Faith

Plaintiff seeks compensation for 19.9 hours spent on settlement strategizing and communications. Yet Plaintiff's settlement efforts at this stage in this case were not genuinely undertaken to come to a reasonable resolution. Plaintiff's counsel repeatedly made offers with deadlines so short that the District had no opportunity to consider them at a Board meeting.

Plaintiff's May 28, 2026, offer had a deadline of May 29, 2026. Plaintiff's counsel conveyed an offer with a deadline contingent on the District's counsel agreeing to recommend acceptance of the offer in a confidential executive session of the Governing Board. Plaintiff subsequently revoked this offer and increased her demand prior to the District even having the opportunity to consider it.[3] Plaintiff's October 1, 2026, offer was even more restrictive—Plaintiff demanded immediate payment, knowing that doing so was not possible for the District.[4] These exploding offers demonstrate that Plaintiff was not genuinely interested in settlement, only gamesmanship. The Court should not reward this behavior, and these hours are not compensable because they were not undertaken in good faith.

ii. Hourly Rate

A reasonable hourly rate is "to be calculated according to the prevailing market rates in the relevant community, taking into consideration the experience, skill, and reputation of the attorney." *Dang*, 422 at 813 (internal quotation marks and citations omitted). The burden

---

[3] Counsel is unable, by law, to divulge the contents of discussions held in executive session. A.R.S. § 38-431.01(A). But the timeline of events in this instance was: (1) Plaintiff made a settlement demand of $645,000 for attorneys' fee which expired before the Governing Board had time to consider the offer, (2) the Governing Board included an executive session agenda item to consider Plaintiff's demand at its upcoming meeting, (3) District counsel drafted a proposed a settlement agreement which included $620,000 for attorneys' fees that Plaintiff's counsel indicated in a phone call he thought would resolve the issue, (4) Plaintiff increased her demand to $660,000 before the Board meeting took place, stating that unless the District agreed to her increased demand, it would only continue to increase, and (4) the Governing Board thereafter declined to make a counteroffer. This was not a good-faith negotiation by Plaintiff.

[4] Based on the arguments in her Supplemental Motion, Plaintiff, perhaps, assumes the Arizona Risk Retention Trust—the District's insurer—could make immediate payment of fees. Plaintiff's counsel has spent an unknown number of hours making demands related to the Trust's coverage of the District which appear to be included within time entries requested in the Supplemental Motion related to settlement efforts. This time should not be compensable as District counsel has never given any indication to Plaintiff that any judgment against the District would not be timely satisfied by the District. In fact, counsel has confirmed that the District would pay all amounts owed to Plaintiff when liquidated and the District has already paid the damages judgment to Plaintiff. In any event, these issues are irrelevant to determining the amount of fees owed.

remains on the "fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community" for similarly skilled, experienced, and reputable attorneys. *Blum*, 465 U.S. at 896 n.11. Plaintiff has once again not met her burden to establish that the rates charged by her counsel over the years—including the $645 for Mr. Jones, $675 for Ms. Weaver, and $475 for Mr. Racioppo—are in line with those prevailing in the community. She provided her counsel's own affidavit to support the assertion that the hourly rates were in line with relevant market rates. But she must produce satisfactory evidence "in addition to [her] attorney's own affidavits" that the rate requested is reasonable in the community. And as demonstrated by the Affidavits of Lisa Anne Smith, Barney Holtzman, and Denise Lowell-Britt, attached as Exhibits C through E to the Response to the original Motion for Fees (Doc. 206), these rates exceed the market rates of other similarly experienced, skilled, and qualified attorneys in Arizona, including Tucson and Phoenix. Indeed, a number of these attorneys have substantially more experience in the actual area of law at issue than Mr. Jones and charge lower rates.

Based on the above, the Court should set the reasonable hourly rate at $450/hour for Mr. Jones and Ms. Weaver, and $300/hour for Mr. Racioppo.

C. Non-Taxable Costs

The Court should also deny Plaintiff's request for non-taxable costs for airfare and car rental and substantially limit her request for electronic legal research expenses. The District does not object to the cost for obtaining the transcript of the August 26, 2026, oral argument.

Plaintiff seeks $4,405.00 for 881 minutes of Westlaw research, at $5.00 per minute. As explained above, much of the time billed for research in the supplemental fee request was unnecessary, duplicative, and excessive.

Travel time for out-of-town counsel is not reimbursable unless the plaintiff shows that local counsel "could not have rendered the service involved and thereby obviated the

necessity of employing an attorney who must necessarily spend billable time traveling from his normal home to the work site....” *Harvey v. Mohammed*, 951 F. Supp. 2d 47, 63 (D.D.C. 2013) (quoting *In re N. (Bush Fee Application)*, 59 F.3d 184, 194 (D.C.Cir.1995)). The District Court of Arizona is disinclined to grant nontaxable expenses for travel without justification for why such travel is necessary for the relevant case. *Dinsbach on behalf of Dinsbach v. Harris*, CV-18-03595-PHX-GMS, 2022 WL 742726, at *10 (D. Ariz. Mar. 11, 2022) (finding travel from San Diego unnecessary and deducting related travel expenses).

Plaintiff was initially represented by Ms. Sandra Jonas, who was located in Tucson. In June 2021, Mr. Jones formally appeared in this matter and was thereafter primarily responsible for the case. At the time, Mr. Jones was based in Arizona. Plaintiff elected to continue to retain Mr. Jones after he moved across the country. Presumably, that means she consented to pay for Mr. Jones’ travel. But her agreement to do so does not make it reasonable to charge the District for that travel when, at minimum, there were certainly other attorneys at Snell & Wilmer in Phoenix or Tucson fully capable of handling this matter. Plaintiff has presented no legal authority justifying an award of these expenses. For example, Plaintiff puts forth no argument why the District, rather than she or her counsel, should bear the $671.60 cost to fly Mr. Jones from Boston to Phoenix or the $392.54 in car rental charges to travel to Tucson. Plaintiff is required to demonstrate these charges are reasonable. She has not even attempted to do so. The District therefore requests that none of flight or rental car charges be granted to Plaintiff.

## IV. CONCLUSION

The amount of fees Plaintiff seeks for litigating the final stages of this matter are staggering: in excess of $145,000 to (1) oppose a Motion for Judgment as a Matter of Law or New Trial and (2) seek attorneys’ fees. The amount sought by Plaintiff approaches 20% of the entire amount of fees sought for work done through trial. Plaintiff has not demonstrated that this time was reasonably expended or that her counsel’s hourly rates are reasonable. This

time should be reduced by the amounts discussed above and as calculated in Exhibit A. Further, the District should not be required to pay for costs that were incurred for excessive legal research and travel costs for an out-of-state attorney when the firm Plaintiff retained has numerous attorneys in Phoenix and Tucson and there are otherwise numerous attorneys throughout Arizona who could have rendered the services involved in this case.

For the foregoing reasons, the District respectfully requests that the Court limit Plaintiff's award of fees in the supplemental requests to no more than $27,243.00 for the request made in the Supplemental Motion, no more than $30,555.00 for the request made in the Reply, and no more than $539.70 in supplemental non-taxable costs.

DATED this 14th day of October, 2026.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: */s/ Tyler H. Stanton*

Lisa Anne Smith
Tyler H. Stanton
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I electronically transmitted the attached document to:

Jeffrey Willis
Jacob C. Jones
Matthew Racioppo
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701
jwillis@swlaw.com
jcjones@swlaw.com
mracioppos@swlaw.com
*Attorneys for Plaintiff*

By: */s/ Chloe Burkholder*