# Exhibit A

**Request in Supplemental Motion for Fees (Doc. 226)**

| Name | Description | Date | Hours | Rate | Total | Phase | Objection | Reduction | Amount Subtracted |
|---|---|---|---|---|---|---|---|---|---|
| Jones, Jacob | Review and analyze order regarding post-trial motions (0.5), and begin working on strategies concerning same (1.8), and communications with team (0.7) and client (0.5) in relation to same. | 7/14/2026 | 3.5 | $645.00 | $2,257.50 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 682.50 |
| Weaver, Amanda | Call with J. Jones to analyze re court's ordering oral argument for strategizing re appellate options and potential approaches to preserve arguments for appeal | 7/14/2026 | 0.7 | $675.00 | $472.50 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 157.50 |
| Jones, Jacob | Legal research and strategy development concerning court's inclination to grant third trial under Rule 59, and prepare for oral argument in connection with same, beginning research focus on Seventh Amendment guarantee of right to jury trial and the common law basis for the new trial permitted under narrow grounds under Rule 59, and its evolution since the 1700s | 7/15/2026 | 5.9 | $645.00 | $3,805.50 | Defeating Rule 59 Motion | 5.9 hours on research to prepare for a one-hour oral argument on a motion that is already briefed (which counsel spent 30.9 hours briefing) is excessive. Any additional time beyond this 5.9 hours is unreasonable and excessive. | Reduce rate to $450.00 | $ 1,150.50 |
| Racioppo, Matthew | Coordinate with J. Jones re order re motion for new trial and research re the same. | 7/15/2026 | 0.6 | $475.00 | $285.00 | Defeating Rule 59 Motion | | Reduce rate to $300.00 | $ 105.00 |
| Jones, Jacob | Legal research and strategy development concerning court's inclination to grant third trial under Rule 59 specifically focusing on trying to find any cases where a new trial was ordered under Rule 59 after the case had already been on appeal under Rule 50 and prior Rule 50 motion grant was reversed by the appellate court, or any similar procedural pattern in any published or unpublished case nationwide (5.0), and continue preparing for oral argument in connection with same (0.5) | 7/16/2026 | 5.5 | $645.00 | $3,547.50 | Defeating Rule 59 Motion | Additional 5.0 hours on research on already briefed oral argument is excessive. | Reduce 5 hours at $645.00 and reduce rate for 0.5 hours to $450.00 | $ 3,322.50 |
| Weaver, Amanda | Analyze order re Rule 60 motion in assessing basis and strategy re the same. | 7/16/2026 | 0.2 | $675.00 | $135.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 45.00 |
| Jones, Jacob | Continue working on strategies regarding court's inclination to grant new trial, focusing on the three factual reasons noted by the Court in its order (1.8), and discussion with A. Weaver regarding same from an appellate standpoint (0.2). | 7/17/2026 | 2.0 | $645.00 | $1,290.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 390.00 |
| Weaver, Amanda | Research and analyze legal authority re Rule 59 motion for assessing strategy re appeal if necessary. | 7/19/2026 | 0.4 | $675.00 | $270.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 90.00 |
| Jones, Jacob | Research to support oral argument re new trial, continuing research into cases forming the basis of the common law as accepted within the Seventh Amendment, reviewing applicable federalist papers, Blackstone's Commentaries, and other sources, to define the precise limits of the exception to the Seventh Amendment's guarantee of a right to jury trial and disallowing courts to disturb or "re-examine" a jury's findings and verdict. | 7/22/2026 | 3.8 | $645.00 | $2,451.00 | Defeating Rule 59 Motion | Additional 3.8 hours on research on already briefed oral argument is excessive. | Reduce 3.8 hours at $645.00 | $ 2,451.00 |
| Jones, Jacob | Continue working on Rule 59 opposition strategy for upcoming oral argument, focusing on the potentially erroneous legal standards mentioned or alluded to in the Court's July 14 orde | 7/23/2026 | 3.4 | $645.00 | $2,193.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 663.00 |
| Jones, Jacob | Continue working on strategies for oral argument regarding Rule 59 new trial, revising and updating prior notes and research. | 7/31/2026 | 1.3 | $645.00 | $838.50 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 253.50 |
| **Name** | **Description** | **Date** | **Hours** | **Rate** | **Total** | **Phase** | | | |
| Weaver, Amanda | Continue researching and analyzing legal authority re Rule 59 motion for assessing strategy re appeal if necessary. | 8/2/2026 | 0.5 | $675.00 | $337.50 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 112.50 |
| Weaver, Amanda | Finish researching and analyzing legal authority re Rule 59 motion for assessing strategy re appeal if necessary. | 8/3/2026 | 0.5 | $675.00 | $337.50 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 112.50 |
| Weaver, Amanda | Synthesize and strategize re next steps for interlocutory appeals. | 8/3/2026 | 0.4 | $675.00 | $270.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 90.00 |
| Jones, Jacob | Work on Rule 59 research and analysis for upcoming oral argument, identifying cases that reversed a Rule 59 new trial grant, focusing first in the Ninth Circuit then expanding nationwide for any more factually analogous cases, and deep dive into factual and procedural history of the 4.0 acres case that involves the eminent doma taking of the land on which the Tucson federal court sits, drawing analogies to this matter in preparation for oral argument. | 8/5/2026 | 3.8 | $645.00 | $2,451.00 | Defeating Rule 59 Motion | Additional 3.8 hours on research on already briefed oral argument is excessive. | Reduce 3.8 hours at $645.00 | $ 2,451.00 |
| Jones, Jacob | Work on Rule 59 research and analysis for upcoming oral argument, focusing on distinguishing the cases cited in the Court's July Order and synthesizing and simplifying notes relating to same. | 8/6/2026 | 3.5 | $645.00 | $2,257.50 | Defeating Rule 59 Motion | Additional 3.5 hours on research on already briefed oral argument is excessive. | Reduce 3.5 hours at $645.00 | $ 2,257.50 |
| Jones, Jacob | Review trial record in connection with preparing for Rule 59 oral argument, specifically focusing on the transcripts and admitted exhibits to show why the verdict was not "clearly" against the "great weight of the evidence," identifying examples from the record to possibly highlight at the oral argument, focusing on the three factual areas highlighted in the Court's July 14 order. | 8/7/2026 | 4.2 | $645.00 | $2,709.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 819.00 |
| Jones, Jacob | Continue analyzing court order, performing further legal research regarding common law new trial bases back to 1700s, regarding seventh amendment right to jury trial and exceptions to same, using different search strategies than last time, and continue investigating other related legal issues for upcoming oral argument on Rule 59 motion, digging further into the issues surrounding this odd procedure that could conceivably nullify a jury's verdict in a case where an appeals court has already held that the evidence was sufficient for the jury to determine the case, specifically focusing on precedents discussing the evolution of the distinction between legal sufficiency and factual sufficiency, which did not clearly exist in the common law. | 8/13/2026 | 4.9 | $645.00 | $3,160.50 | Defeating Rule 59 Motion | Additional 4.9 hours on research on already briefed oral argument is excessive. | Reduce 4.9 hours at $645.00 | $ 3,160.50 |
| Jones, Jacob | Supplemental research on Rule 59 cases federally nationwide in connection with preparing for oral argument. | 8/19/2026 | 1.5 | $645.00 | $967.50 | Defeating Rule 59 Motion | Additional 1.5 hours on research on already briefed oral argument is excessive. | Reduce 1.5 hours at $645.00 | $ 967.50 |
| Racioppo, Matthew | Review and analyze case law in which a court granted a motion for a new trial following a successful appeal. | 8/20/2026 | 1.1 | $475.00 | $522.50 | Defeating Rule 59 Motion | Additional 1.1 hours on research on already briefed oral argument is excessive. | Reduce 1.1 hours at $475.00 | $ 522.50 |
| Jones, Jacob | Continue preparing for oral argument on Rule 59 motion and ongoing legal research in connection with same, and discussion with M. Racioppo regarding his findings. | 8/21/2026 | 6.8 | $645.00 | $4,386.00 | Defeating Rule 59 Motion | Additional 6.8 hours on research on already briefed oral argument is excessive. | Reduce 6.8 hours at $645.00 | $ 4,386.00 |
| Racioppo, Matthew | Review and analyze case law in which a court granted a motion for a new trial following a successful appeal. | 8/21/2026 | 0.8 | $475.00 | $380.00 | Defeating Rule 59 Motion | Additional 0.8 hours on research on already briefed oral argument is excessive. | Reduce 0.8 hours at $475.00 | $ 380.00 |
| **Name** | **Description** | **Date** | **Hours** | **Rate** | **Total** | **Phase** | | | |
| Jones, Jacob | Legal research on journal articles regarding Rule 59 relationship with Seventh Amendment and in depth case research back to common law 1791 in connection with preparing for oral argument regarding new trial issue (4.2) and update and simplify comprehensives legal and factual notes (3.4) | 8/24/2026 | 7.6 | $645.00 | $4,902.00 | Defeating Rule 59 Motion | Additional 4.2 hours on research on already briefed oral argument is excessive. | Reduce 4.2 hours at $645.00 | $ 2,709.00 |
| Racioppo, Matthew | Strategize with J. Jones re hearing on motion for a new trial. | 8/24/2026 | 0.7 | $475.00 | $332.50 | Defeating Rule 59 Motion | | Reduce rate to $300.00 | $ 122.50 |
| Jones, Jacob | Ongoing preparation for oral argument for Rule 59 motion including drafting proposed argument (2.4), creating shorthand references for each of about 30 cases that might be discussed during the hearing (3.5), and reviewing and clipping relevant parts of the factual record (exhibits and transcripts) to support each point of argument, in connection with same (3.2). | 8/25/2026 | 9.1 | $645.00 | $5,869.50 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 1,774.50 |
| Jones, Jacob | Mock argument with team, and follow-up regarding same. | 8/25/2026 | 1.0 | $645.00 | $645.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 195.00 |
| Weaver, Amanda | Analyze J. Jones' oral argument for strategizing potential revisions to the same. | 8/25/2026 | 1.3 | $675.00 | $877.50 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 292.50 |
| Weaver, Amanda | Analyze and prepare for moot argument with J. Jones re court's order in assessing next steps for preparing for oral argument on the same. | 8/25/2026 | 0.3 | $675.00 | $202.50 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 67.50 |
| Jones, Jacob | Prepare for oral argument on Rule 59 motion (morning). | 8/26/2026 | 4.2 | $645.00 | $2,709.00 | Defeating Rule 59 Motion | 4.2 hours to prepare for a one-hour oral argument, after 75.3 hours were already expended preparing for this argument, is excessive. | Reduce 4.2 hours at $645.00 | $ 2,709.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Jones, Jacob | Appear for and participate in oral argument on Rule 59 motion. | 8/26/2026 | 1.0 | $645.00 | $645.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 195.00 |
| Jones, Jacob | Post-argument strategy development regarding next steps, settlement strategies, and possible outcomes, as well as discussion of possible supplemental filing of legal authorities in connection with Rule 59 argument. | 8/26/2026 | 2.3 | $645.00 | $1,483.50 | Settlement | Supplemental briefing was not authorized. Settlement efforts were not in good faith and should not be compensated. | Reduce 2.3 hours at $645.00 | $ 1,483.50 |
| Weaver, Amanda | Analyze course of strategy re follow-up from oral argument and next steps re subsequent and supplemental filing for appellate preservation. | 8/26/2026 | 0.5 | $675.00 | $337.50 | Defeating Rule 59 Motion | Supplemental briefing was not authorized. | Reduce 0.5 hours at $675.00 | $ 337.50 |
| Racioppo, Matthew | Strategize on case strategy following hearing on motion for new trial. | 8/26/2026 | 0.6 | $475.00 | $285.00 | Defeating Rule 59 Motion | Supplemental briefing was not authorized. | Reduce 0.6 hours at $475.00 | $ 285.00 |
| Jones, Jacob | Begin preparing supplemental briefing regarding Seventh Amendment objection and additional legal and factual points regarding Rule 59 motion (4.8) and work on settlement strategy and start drafting next settlement communication (0.8). | 8/27/2026 | 5.6 | $645.00 | $3,612.00 | Defeating Rule 59 Motion | Supplemental briefing was not authorized. Settlement efforts were not in good faith. | Reduce 5.6 hours at $645.00 | $ 3,612.00 |
| Jones, Jacob | Legal research and analysis regarding excessive damages issue raised by the judge at the oral argument last Wednesday. | 8/28/2026 | 5.2 | $645.00 | $3,354.00 | Defeating Rule 59 Motion | Supplemental briefing was not authorized; further legal research should not be compensated. | Reduce 5.2 hours at $645.00 | $ 3,354.00 |
| Racioppo, Matthew | Review and analyze case law re granting a new trial for excessive damages. | 8/28/2026 | 1.4 | $475.00 | $665.00 | Defeating Rule 59 Motion | Supplemental briefing was not authorized; further legal research should not be compensated. | Reduce 1.4 hours at $475.00 | $ 665.00 |
| Jones, Jacob | Settlement correspondence and strategy development, per court's suggestion to continue settlement discussions, and review MUSD governing board meeting calendar and agendas in connection with strategy developments regarding same, as well as review of applicable rules for First Amendment protections to directly petition public entities, in view of applicable ethics rules in relation to same. | 9/2/2026 | 1.2 | $645.00 | $774.00 | Settlement | Settlement efforts were not in good faith, and reviewing the meeting calendar should have informed counsel that his offers were not made in a manner allowing acceptance by the District. | Reduce 1.2 hours at $645.00 | $ 774.00 |
| **Name** | **Description** | **Date** | **Hours** | **Rate** | **Total** | **Phase** | | | |
| Jones, Jacob | Telephone conference and follow-up correspondence with opposing counsel regarding settlement efforts, and convey express settlement offer via email in regard to same, and conference with client regarding same. | 9/3/2026 | 1.9 | $645.00 | $1,225.50 | Settlement | Settlement efforts were not in good faith. | Reduce 1.9 hours at $645.00 | $ 1,225.50 |
| Jones, Jacob | Review and analyze order on motion for new trial, and develop next step strategies in connection with same. | 9/11/2026 | 0.6 | $645.00 | $387.00 | Defeating Rule 59 Motion | | Reduce rate to $450.00 | $ 117.00 |
| Jones, Jacob | Review and research and analyze rules for executing federal judgment on a state entity, in view of Eleventh Amendment limitations, and analysis of A.R.S. 12-2030 and applicable decisional law in connection with same, for the purpose of collecting judgment owed to client by MUSD. | 9/14/2026 | 4.5 | $645.00 | $2,902.50 | Judgment Collection | | Reduce rate to $450.00 | $ 877.50 |
| Jones, Jacob | Review settlement correspondence and draft response to same, and consult with client in connection with same. | 9/16/2026 | 2.3 | $645.00 | $1,483.50 | Settlement | Settlement efforts were not in good faith. | Reduce 2.3 hours at $645.00 | $ 1,483.50 |
| Jones, Jacob | Work on strategies to execute judgment on district through Pima County Treasurer's office. | 9/17/2026 | 1.4 | $645.00 | $903.00 | Judgment Collection | Unnecessary; District counsel confirmed in an email on September 17, 2026 that District was sending payment on judgment. | Reduce 1.4 hours at $645.00 | $ 903.00 |
| Jones, Jacob | Correspondence regarding judgment collection to avoid further efforts to execute on existing judgment, and in connection with avoiding additional costs of possible appeal by Defendant. | 9/18/2026 | 0.6 | $645.00 | $387.00 | Judgment Collection | | Reduce rate to $450.00 | $ 117.00 |
| Jones, Jacob | Work on supplemental fee motion and review entries and begin outlining draft motion and declaration for same. | 9/21/2026 | 3.2 | $645.00 | $2,064.00 | Supplemental Fee Motion | | Reduce rate to $450.00 | $ 624.00 |
| Jones, Jacob | Strategy development and work on supplemental attorneys' fee motion to have sufficient detail to attempt to resolve by settlement (3.2) Work on extension request for supplemental fee motion (1.2) | 9/25/2026 | 4.4 | $645.00 | $2,838.00 | Settlement | Settlement efforts were not in good faith. | Reduce 4.4 hours at $645.00 | $ 2,838.00 |
| Jones, Jacob | Work on strategies to execute judgment on district through Pima County Treasurer's office. | 9/25/2026 | 1.4 | $645.00 | $903.00 | Judgment Collection | Unnecessary; Plaintiff's counsel confirmed on September 21 that check for payment of judgment amount had already been received by his office. | Reduce 1.4 hours at $645.00 | $ 903.00 |
| Jones, Jacob | Continue working on fee detail for fee motion | 9/28/2026 | 3.4 | $645.00 | $2,193.00 | Supplemental Fee Motion | | Reduce rate to $450.00 | $ 663.00 |
| Jones, Jacob | Finalize fee motion and supporting declaration and exhibits | 10/2/2026 | 6.3 | $645.00 | $4,063.50 | Supplemental Fee Motion | | Reduce rate to $450.00 | $ 1,228.50 |
| | | | **127.3** | | **$ 81,368.50** | | Total reduction: | 65.4 | **$ 54,125.50** |
| | | | | | | | Total award: | **61.9** | **$ 27,243.00** |

**Supplemental Fee Request in Reply in support of original Motion for Fees (Doc. 216)**

| | | Date | Hours | Rate | Total | Phase | Objections | Reduction | Amount Subtracted |
|---|---|---|---|---|---|---|---|---|---|
| Jones, Jacob | Work on reviewing five years of attorney and paralegal time entries in preparation for fee motion | 4/16/2026 | 4.3 | $645.00 | $2,773.50 | Fee Motion | 36.8 hours were expended on the original Fee Motion. | Reduce rate to $450.00 | $ 838.50 |
| Jones, Jacob | Work on fee request, legal standards and analogous case research | 4/20/2026 | 3.9 | $645.00 | $2,515.50 | Fee Motion | | Reduce rate to $450.00 | $ 760.50 |
| Jones, Jacob | Continue analyzing time entries and identifying any that can be reduced/eliminated/de-duplicated, and other related steps to ensure that fee application complies with the applicable rules | 4/20/2026 | 2.3 | $645.00 | $1,483.50 | Fee Motion | | Reduce rate to $450.00 | $ 448.50 |
| Jones, Jacob | Continue working on fee request for fees, focusing on reasonableness factors | 4/21/2026 | 5.2 | $645.00 | $3,354.00 | Fee Motion | | Reduce rate to $450.00 | $ 1,014.00 |
| Jones, Jacob | Continue drafting fee request, focusing on reasonableness factors | 4/22/2026 | 4.9 | $645.00 | $3,160.50 | Fee Motion | Duplicative and excessive time. | Reduce 4.9 hours at $645.00 | $ 3,160.50 |
| Jones, Jacob | Continue working on fee request and bill of costs, focusing on taxable and non-taxable costs | 4/23/2026 | 6.2 | $645.00 | $3,999.00 | Fee Motion | | Reduce rate to $450.00 | $ 1,209.00 |
| Jones, Jacob | Correspondence with opposing counsel to meet and confer regarding attorney fee motion, per local rule requirement | 4/23/2026 | 1.4 | $645.00 | $903.00 | Fee Motion | | Reduce rate to $450.00 | $ 273.00 |
| Jones, Jacob | Continued meeting and conferral on fee motion, per local rule | 4/24/2026 | 0.3 | $645.00 | $193.50 | Fee Motion | | Reduce rate to $450.00 | $ 58.50 |
| Jones, Jacob | Finalize fee request and supporting exhibits prior to filing same | 4/24/2026 | 8.3 | $645.00 | $5,353.50 | Fee Motion | | Reduce rate to $450.00 | $ 1,618.50 |
| Jones, Jacob | Draft stipulation to extend deadline to file reply brief | 5/22/2026 | 0.2 | $645.00 | $129.00 | Fee Reply Brief | 25.8 hours were expended on the Fee Reply, an unreasonable and excessive amount in addition to the extensive 36.8 hours expended preparing the original Fee Motion. | Reduce rate to $450.00 | $ 39.00 |
| Jones, Jacob | Work on fee motion reply brief and legal research for same | 5/22/2026 | 4.3 | $645.00 | $2,773.50 | Fee Reply Brief | | Reduce rate to $450.00 | $ 838.50 |
| Jones, Jacob | Work on fee motion reply brief including reviewing all the line item detail of the oppposition attachments | 5/27/2026 | 5.5 | $645.00 | $3,547.50 | Fee Reply Brief | | Reduce rate to $450.00 | $ 1,072.50 |
| Jones, Jacob | Prepare request for additional pages for reply brief and proposed order | 5/29/2026 | 0.3 | $645.00 | $193.50 | Fee Reply Brief | | Reduce rate to $450.00 | $ 58.50 |
| Jones, Jacob | Work on stipulation for extension for reply brief and proposed order | 5/29/2026 | 0.4 | $645.00 | $258.00 | Fee Reply Brief | | Reduce rate to $450.00 | $ 78.00 |
| Jones, Jacob | Work on fee motion reply brief | 5/29/2026 | 4.4 | $645.00 | $2,838.00 | Fee Reply Brief | Duplicative and excessive time. | Reduce 4.4 hours at $645.00 | $ 2,838.00 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Jones, Jacob | Continue revising and drafting reply brief given District's refusal to approve any settlement offer | 6/12/2026 | 4.1 | $645.00 | $2,644.50 | Fee Reply Brief | On June 5, 2026, the District engaged in good faith settlement negotiations, explaining that Board approval was needed for any settlement and giving a deadline of noon on Monday June 8 to come to a number to present to the Board at the June 11 Board meeting. Plaintiff did not respond until after that deadline, and did so only to increase her previous settlement offer by $15,000. There was insufficient time to present this number to the Board at the June 11 meeting. This entry constitutes duplicative and excessive time. | Reduce 4.1 hours at $645.00 | $ | 2,644.50 |
| Jones, Jacob | Finalize reply brief | 6/15/2026 | 6.6 | $645.00 | $4,257.00 | Fee Reply Brief | | Reduce rate to $450.00 | $ | 1,287.00 |
| Jones, Jacob | Work on 50(b) opposition, analyzing Rule 50(b) and begin outlining arguments | 5/7/2026 | 4.4 | $645.00 | $2,838.00 | Rule 50(b) Response | 30.9 hours were expended on the Rule 50(b) Response, in addition to the 79.5 hours expended on preparation for oral argument on the same motion. This is unreasonable and excessive. | Reduce rate to $450.00 | $ | 858.00 |
| Jones, Jacob | Work on Rule 50(b) opposition, continue outlining arguments and begin reviewing record for specific citations of evidence support | 5/18/2026 | 2.1 | $645.00 | $1,354.50 | Rule 50(b) Response | | Reduce rate to $450.00 | $ | 409.50 |
| Jones, Jacob | Work on Rule 50(b) opposition, reviewing record for specific citations of evidentiary support | 5/18/2026 | 6.6 | $645.00 | $4,257.00 | Rule 50(b) Response | | Reduce rate to $450.00 | $ | 1,287.00 |
| Jones, Jacob | Work on Rule 50(B) opposition, focusing on legal arguments | 5/19/2026 | 3.8 | $645.00 | $2,451.00 | Rule 50(b) Response | Duplicative and excessive time. | Reduce 3.8 hours at $645.00 | $ | 2,451.00 |
| Jones, Jacob | Work on Rule 50(B) opposition, revising brief | 5/20/2026 | 5.6 | $645.00 | $3,612.00 | Rule 50(b) Response | | Reduce rate to $450.00 | $ | 1,092.00 |
| Jones, Jacob | Work on Rule 50(B) opposition, revising and finalizing opposition brief | 5/21/2026 | 8.4 | $645.00 | $5,418.00 | Rule 50(b) Response | Duplicative and excessive time. | Reduce 8.4 hours at $645.00 | $ | 5,418.00 |
| Jones, Jacob | Deailed settlement letter | 5/8/2026 | 3.4 | $645.00 | $2,193.00 | Settlment Discussions | Settlement efforts were not in good faith. | Reduce 3.4 hours at $645.00 | $ | 2,193.00 |
| Jones, Jacob | Review and analyze settlement correspondence and work on strategies re same | 5/15/2026 | 0.5 | $645.00 | $322.50 | Settlment Discussions | Settlement efforts were not in good faith. | Reduce 0.5 hours at $645.00 | $ | 322.50 |
| Jones, Jacob | Settlement correspondence and strategy re same | 5/28/2026 | 1.8 | $645.00 | $1,161.00 | Settlment Discussions | Settlement efforts were not in good faith. | Reduce 1.8 hours at $645.00 | $ | 1,161.00 |
| Jones, Jacob | Settlement discussions and strategy | 5/29/2026 | 2.1 | $645.00 | $1,354.50 | Settlment Discussions | Settlement efforts were not in good faith. | Reduce 2.1 hours at $645.00 | $ | 1,354.50 |
| | | | **101.3** | | **$65,338.50** | | Total reduction: | 33.4 | **$** | **34,783.50** |
| | | | | | | | Total award: | **67.9** | **$** | **30,555.00** |

# Exhibit B

**From:** Jones, Jacob
**To:** Smith, Lisa Anne
**Cc:** Willis, Jeffrey; Stanton, Tyler; Racioppo, Matthew; Weaver, Amanda Z.; Mitchell, Stephany
**Subject:** RE: Rule 408 Settlement Communication
**Date:** Thursday, May 28, 2026 10:45:50 AM

Dear Lisa Anne,

Thank you for conveying the offer below.
Dr. Hartzell has now incurred approximately an additional $15K in responding to the District's frivolous Rule 50(b) Motion that I requested you withdraw. We were not inclined to join the District's efforts in causing further delay in the final entry and collection of judgment in this case, so we timely prepared and filed our response. Thus, the basis we are now using is approximately $936K in fees/costs, plus the judgment of $200K, plus accrued interest until the date paid, for a total approximating $1,137,000.

I remind you that for years the District maintained unreasonable settlement positions in this case, bouncing between $10-25K, and never increasing above $25K. Primarily because of the District's past bad faith settlement negotiations, Dr. Hartzell is highly disinclined to continue reducing her already generous settlement offer.

At length I was able to convince her to reduce her offer to **$869,500, generously reflecting a more than 23% discount from the fair settlement value. The offer expires if not accepted in writing by COB Friday, May 29, 2026**. I understand you are saying it is subject to Board approval, and I would expect that the Board will approve whatever agreement you advise them to accept. But because you state there is an unspecified time between your acceptance of the offer and my client receiving payment, **the amount of this offer, if accepted, shall continue to accrue interest daily at the annualized rate of 3.69% from today until and including the date on which the payment is made**.

The District deserves no generosity, however, as it abused my client for years. As her fees continue to increase, you can plan on her settlement offer doing the same going forward.

Beyond this, I have been authorized to convey only that if the District will increase its all-in counteroffer to at least $800K, then Dr. Hartzell will be willing to engage further negotiations to bridge the final gap. Until then, I do not believe we are in the same range.

Regards,
Jacob

**Jacob C. Jones** (he/him/his)
office: 602.382.6562 | mobile: 509.431.3928

jcjones@swlaw.com
Snell & Wilmer
swlaw.com | disclaimer

---

**From:** Smith, Lisa Anne <lasmith@dmyl.com>
**Sent:** Friday, May 15, 2026 6:24 AM
**To:** Jones, Jacob <jcjones@swlaw.com>
**Cc:** Willis, Jeffrey <jwillis@swlaw.com>; Stanton, Tyler <tstanton@dmyl.com>; Racioppo, Matthew <mracioppo@swlaw.com>; Weaver, Amanda Z. <aweaver@swlaw.com>
**Subject:** RE: Rule 408 Settlement Communication

**[EXTERNAL]** lasmith@dmyl.com

---

Jacob,

My client offers to settle this matter for $400,000 in attorneys' fees, along with the $200,000 verdict for a total of $600,000. Any settlement of this matter is subject to final approval by the District's Governing Board and while I can make sure that any agreement we reach is presented at the next possible Board meeting and that payment is made promptly thereafter, I cannot promise that payment would be made by June 5 or any other arbitrarily chosen date.

I am happy to agree to an extension of any length for your response to the 50(b) motion so that you do not need to expend time on it until after the fee issue is resolved.

I decline to respond to the rest of your email, preferring to save my client fees for engaging in unproductive argument.

Lisa Anne

Lisa Anne Smith
DeConcini McDonald Yetwin & Lacy, P.C.
2525 E. Broadway, Suite 200
Tucson, AZ 85716
(520) 322-5000
(520) 322-5585 (fax)
lasmith@dmyl.com
www.deconcinimcdonald.com
This communication is confidential and is intended only for the use of the individual or entity named above. If you

have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone (520) 322-5000 (call collect).

---

**From:** Jones, Jacob <jcjones@swlaw.com>
**Sent:** Friday, May 8, 2026 6:12 PM
**To:** Smith, Lisa Anne <lasmith@dmyl.com>
**Cc:** Willis, Jeffrey <jwillis@swlaw.com>; Stanton, Tyler <tstanton@dmyl.com>; Racioppo, Matthew <mracioppo@swlaw.com>; Weaver, Amanda Z. <aweaver@swlaw.com>
**Subject:** RE: Rule 408 Settlement Communication

Dear Lisa Anne,

You have seen our attorney fee briefing, and I hope your client has also had a chance to see it. Given Dr. Hartzell's huge win for herself and for the state and nation, she does not view the District's $500K offer to be serious.
Dr. Hartzell already provided a generous offer of $900K which was about an 18% reduction of the total that she should have been compensated when she made that offer. She won a $200,000 damages award. Especially in view of all the policy reasons behind civil rights lawsuits to enforce and preserve our constitutional rights, there is no good reason that Dr. Hartzell should have to go out of pocket because of the District's clear unconstitutional misconduct, as determined by a unanimous jury.

The fact that the District has repeatedly engaged in what Dr. Hartzell perceives to be bad faith settlement negotiations throughout the history of this case does not help the District's 11th-hour plea for a highly discounted settlement.

My client is patient and will get what she is owed. The District is exposed to much more risk if this process carries forward.

For example, I assume you have considered that the arguments you have made on behalf of the District are frivolous and likely do not meet Rule 11 muster; it appears to us like they may be a vexatious multiplication of proceedings covered under 28 U.S.C. § 1927.

In addition, under the rule of mandate, "When a case has been once decided by this court on appeal, and remanded to the [district court], whatever was before this court, and disposed of by its decree, is considered as finally settled. The [district court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255-56 (1895). Violation of the rule of mandate is a jurisdictional

error. *United States v. Thrasher,* 483 F.3d 977, 982 (9th Cir.2007).

The Ninth Circuit has "repeatedly held, in both civil and criminal cases, that a district court is limited by this court's remand in situations where the scope of the remand is clear." *Mendez-Gutierrez v. Gonzales,* 444 F.3d 1168, 1172 (9th Cir.2006); *see also Twentieth Century Fox Film Corp. v. Entm't Distrib.,* 429 F.3d 869, 883 (9th Cir.2005) ("There is nothing in our prior decision that indicates that we issued an open remand. Rather, in remanding to the district court, our opinion contemplates a trial to resolve the only remaining genuine issue of material fact").

In addition to the rule of mandate, law of the case doctrine preludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case. *See, e.g., United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000).

By bringing this motion in violation of the rule of mandate and law of the case doctrine, the District's motion lacks any good faith basis.

Moreover, the motion does not even attempt to bring anything new that was not already decided by the Ninth Circuit. For example, regardless of the non-credible testimony of Dr. Dumler and Principal Divijak (which the Jury could simply have chosen to not believe, based on the multiple instances of their proven inconsistent statements under oath), the Ninth Circuit's Mandate was not based on any testimony by them. Indeed, the Ninth Circuit had already considered and rejected the District's argument that "various witnesses testified that it did not rely on Policy KFA to ban Hartzell" so the fact that they did again in the retrial does not move the needle at all. The Ninth Circuit specifically considered that "a jury could reject this testimony" (i.e. District witness testimony). Indeed, the testimony in the second trial was even more supportive of this claim than in the first trial. For example, evidence showed more strongly that the KFA policy had been used in the past in an instance of offensive speech, and that it could be applied *by a principal* in a "heated moment" and that what happened with the parties was indeed a "heated moment." As to the District's frivolous argument that no evidence supported that the District thought the speech was "offensive," the Ninth Circuit already addressed that, as well, "a jury could infer that Divijak found Hartzell's criticisms offensive from the facts of the February 7, 2020 incident. . . . Divijak's reaction to Hartzell's speech would also support a jury finding that she was offended. . . . Divijak shouted at Hartzell . . . Divijak was 'crying,'" etc. And the temporal connection between the offense taken and the issuance of the ban by Divijak (which clearly was again proved in the second trial) was already cited by the Ninth Circuit as sufficient to show the connection between the KFA policy and the ban against Dr. Hartzell. "Because a reasonable jury could find that Policy KFA authorized Divijak to ban parents whose speech she found offensive and that Hartzell was banned almost

immediately after saying things Divijak could reasonable find offensive, a reasonable jury could also find Policy KFA was a moving force behind the ban on Hartzell." The District's 50(b) motion also attacks the Ninth Circuit's analysis of *Eagle Point*. First, that attack fails because the District is essentially asking the District Court to reconsider the Ninth Circuit's application of *Eagle Point*, and the District Court has no jurisdiction to do so, as explained above. Moreover, the deadline for a motion to reconsider the Mandate passed long ago. Second, the Ninth Circuit's analysis was sound and your arguments fail on their face. Finally, the Ninth Circuit did not even rely necessarily on *Eagle Point*, noting only that it "further supports" Dr. Hartzell's theory. The District's representation that the Ninth Circuit "relied entirely" on that case is simply false.

The Ninth Circuit has already addressed and rejected all of the District's arguments. That makes them frivolous here.

Thus, the District's Rule 50(b) motion is anything but a routine post-judgement motion because it is squarely contrary to the Ninth Circuit's Mandate *in this case*. Given the Mandate, there is no reasonable basis in fact or law for the District's Rule 50(b) motion, and we must surmise that the only reason it was brought was for delay (including to delay the District's appeal deadline; any appeal would likewise be frivolous and we would demand a supersedeas bond) and to cause my client to have to incur more fees. We will duly consider all appropriate options to protect Dr. Hartzell's rights and will not tolerate such abuses of court process.

We also believe the District may face significant public backlash when the District's bad faith and misconduct is made widely known to the public.

In contrast to the high risks the District faces, the only risk my client retains is the need to pay for responding to the frivolous motion and frivolous appeal, and more patience; and she is prepared to endure those costs. Moreover, if the District Court deals unfairly with her fee request (which will now also be augmented to include the fees for responding to the frivolous Rule 50(b) motion), she will appeal that as well. I imagine the Ninth Circuit will be quite anxious to make Dr. Hartzell whole after the District's conduct here in flouting the Ninth Circuit's Mandate.

At this point, she has also incurred more than $25,000 in fees preparing and advancing her fee motion. We anticipate filing that additional support early next week.
Therefore, she is now entitled to at least $921K ($896K plus $25K) plus the $200K of damages (plus postjudgment interest of over $600), for a total of at least $1,121,600 and that does not include costs in reviewing and preparing to respond to your frivolous Rule 50(b) motion.

Again, there is no just reason that she should receive a penny less than what she is owed. She should be made financially whole from the 5+ years and cost of fighting your client's unjust and unconstitutional retaliation.

**To finally put this matter to rest, Dr. Hartzell will accept $874,848 (with stipulated final judgment, all inclusive), with a promise from the District that Dr. Hartzell will receive the funds no later than June 5, 2026.** This generously reflects a 22% discount to what she is owed, at a time where there is no need for her to feel generous toward the District. I believe it is unlikely that she will be willing to give any better offer. This offer expires if not accepted in writing by no later than 11:00 PM next Wednesday, May 13, 2026. The number she will be willing to accept will continue to significantly increase thereafter because she will be forced to respond to the District's vexatious post-judgment multiplication of proceedings, and interest will continue to accrue.

Independently, to avoid further unnecessary costs on the Rule 50(b) Motion, the District of course could and should voluntarily withdraw its Rule 50(b) motion. **If the District withdraws its Rule 50(b) motion by no later than 5:00 PM on May 12, 2026, then we would agree that a Notice of Appeal may be timely filed (although it still would be frivolous, we discourage the District from doing so, and we reserve all rights relating thereto) by May 13, 2026.**

We await the District's response.

Regards,
Jacob

**Jacob C. Jones** (he/him/his)
office: 602.382.6562 | mobile: 509.431.3928
jcjones@swlaw.com
Snell & Wilmer
swlaw.com | disclaimer

---

**From:** Smith, Lisa Anne <lasmith@dmyl.com>
**Sent:** Monday, April 27, 2026 1:57 PM
**To:** Jones, Jacob <jcjones@swlaw.com>
**Cc:** Willis, Jeffrey <jwillis@swlaw.com>; Stanton, Tyler <tstanton@dmyl.com>; Racioppo, Matthew <mracioppo@swlaw.com>; Weaver, Amanda Z. <aweaver@swlaw.com>
**Subject:** RE: Rule 408 Settlement Communication

**[EXTERNAL]** lasmith@dmyl.com

Jacob,

We have already discussed this matter at length, so I will not respond to your email in detail here other than to address one issue and to confirm our offer to settle the fees issue.

The issue I want to address is your statement below that any appeal would be frivolous. That is not true and you know it. There was not a bit of evidence offered at trial to show that Policy KFA was the moving force behind the trespass from campus. The jury found that Andrea Divijak initiated that trespass, but she had never seen Policy KFA before this litigation, did not think it applied to her, did not think it applied to the speech at issue, and it was not the moving force behind her conduct. Carolyn Dumler likewise testified that principals would not be expected to know that policy because it does not apply to them. The jury's conclusion that the policy was the moving force behind the trespass is not supported by any evidence whatsoever. This is a non-frivolous issue for appeal.

Nevertheless, as I discussed with you last week, if we can reach a reasonable settlement regarding the attorneys' fees demand, we will forego the appeal and put this litigation behind us. As we discussed, there are numerous reasons why Judge Rash is not going to award you the full amount you seek (or the amount you offer in compromise). I will not repeat those reasons here. The District is offering to pay $300,000 in attorneys' fees along with the $200,000 verdict in full resolution of this case.

Our objection to your application for fees is due on May 8.
resolution. Our Rule 50b motion is due the same day. I am hopeful we can have this issue resolved by then and I look forward to hearing from you soon.

Lisa Anne

Lisa Anne Smith

DeConcini McDonald Yetwin & Lacy, P.C.

2525 E. Broadway, Suite 200

Tucson, AZ 85716

(520) 322-5000

(520) 322-5585 (fax)

lasmith@dmyl.com
www.deconcinimcdonald.com
This communication is confidential and is intended only for the use of the individual or entity named above. If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone (520) 322-5000 (call collect).

**From:** Jones, Jacob <jcjones@swlaw.com>
**Sent:** Thursday, April 23, 2026 10:17 AM
**To:** Smith, Lisa Anne <lasmith@dmyl.com>
**Cc:** Willis, Jeffrey <jwillis@swlaw.com>; Stanton, Tyler <tstanton@dmyl.com>; Racioppo, Matthew <mracioppo@swlaw.com>; Weaver, Amanda Z. <aweaver@swlaw.com>
**Subject:** Rule 408 Settlement Communication

Dear Lisa Anne,

As you know, my client obtained a significant victory when the jury unanimously found that Marana Unified School District retaliated against her by banning her from the school because of her protected speech, and awarded her $200,000 in damages. As you also know, that amount is *eight times higher* than any settlement offer the District has given us previously in this case. Simply put, **the District has repeatedly miscalculated its exposure and liability here**, and for that it has nobody to blame but itself. You also know that the District has no valid basis for any appeal. We believe that any appeal would be frivolous, and we would seek further damages and double costs under Appellate Rule 38 and 28 U.S.C. § 1912 for any frivolous appeal. Therefore, while the District might be tempted to file a frivolous appeal simply to delay ultimate payment (which will not be successful because we will insist on a supersedeas bond), we believe doing so only further increase the District's liability.

The $200,000 awarded by the unanimous jury is also significantly higher than settlement offers my client made earlier in the case (you will recall she offered to accept $50,000 at the first mediation, after offering to take *zero* dollars if the District would simply apologize). You also know that my client obtained a significant win at the Ninth Circuit that enabled this vindication.

Because of the District's unreasonable settlement positions throughout this case, my client was forced to fight the District for more than five years. For this and other reasons, we believe she will be fully awarded her attorneys' fees and costs under 42 U.S.C. § 1988 as a prevailing plaintiff. We plan to file our fees and costs motion on Friday. However, before we finalize that effort, we wanted to make one final offer to settle this case. Here is a high-level approximate summary of the reasonable attorneys' fees (including attorneys and paraprofessional fees) she has incurred (which will be supported by an itemized excel spreadsheet of over 550 lines of billing entries). This does not include fees for preparing the fee motion, which we will also seek in the absence of a settlement.

| Phase | Sum of Total | Sum of Hours |
|---|---|---|
| Appeal | $ 166,616.00 | 309.4 |
| Case Management | $ 9,625.52 | 21.4 |
| Discovery & Disclosure | $ 54,337.00 | 112.3 |

| | | | |
|---|---|---|---|
| Dispositive Motions | $ | 43,650.00 | 90.0 |
| Pleadings | $ | 27,280.50 | 56.5 |
| Presuit Investigation & Notice of Claim | $ | 15,759.48 | 54.6 |
| Settlement | $ | 22,431.00 | 38.9 |
| Trial 1 | $ | 189,985.00 | 406.9 |
| Trial 2 | $ | 306,656.00 | 501.5 |
| **Grand Total** | **$** | **836,340.50** | **1591.5** |

Furthermore, my client incurred and will seek to recover approximately $59,780 of taxable and nontaxable costs, for a total of about $896,000 in fees and costs, or $1,096,120 (plus accrued postjudgment interest) with the existing judgment.

In view of the foregoing, my client has authorized me to fully resolve this case through a **stipulated amended final judgment of $900,000 (including the original $200,000 and $700,000 for attorneys' fees and costs)**, to be fully paid by the District or its insurer within 60 days. All parties to waive all appeals and mutually release all other claims (i.e. other than the District's duty to pay the $900,000). We believe this offer reflects a discount of about 18% and avoids both parties continuing to spend fees and costs litigating. Postjudgment interest at a contractually agreed rate of 10% if not fully paid within 60 days. This offer expires if not accepted by 5:00 PM Arizona time on April 24, 2026.

Regards,
Jacob

**Jacob C. Jones** (he/him/his)
office: 602.382.6562 | mobile: 509.431.3928
jcjones@swlaw.com
Snell & Wilmer
swlaw.com | disclaimer

# Exhibit C

**From:** Jones, Jacob
**To:** Stanton, Tyler; Smith, Lisa Anne
**Cc:** Willis, Jeffrey; Mitchell, Stephany
**Subject:** RE: Hartzell - Settlement Communication Subject to Rule 408
**Date:** Monday, June 8, 2026 12:51:49 PM
**Attachments:** Settlement Agreement v. 2.docx

Hi Tyler,

Here is a redline reflecting what Dr. Hartzell is willing to accept. I narrowed the scope of the release to only items relating to the litigation, I made clear we'd be filing a stipulated final judgment (like we talked about in a prior email), and I took out the reference to Divijak since if she's not a party then it's not really relevant I think. I'll add, if you need it to be a broader general release (like you drafted it) then she would agree to that only if it goes both ways.

You can present this to the Board as the deal Plaintiff is prepared to enter. She does not agree to the $820,000 ($620K + 200K). The District had ample opportunities to settle this claim for low five-figures (with a dismissal and no strings attached) many years ago. They chose not to —for whatever reason they chose to gamble. They lost. The consequence of that choice is they need to make Plaintiff whole. The amount offered is a significant discount to making her whole, but it is what she is willing to accept, otherwise she will continue the fight and the District will have to pay even more in the end.

I will add that Dr. Hartzell did not appreciate the District's tactic in attempting to argue that forcing the District to pay closer to the full amount Plaintiff is entitled to receive, that she is somehow jeopardizing student education. Especially given Plaintiff's long history of helping students, that sort of tactic is despicable and is not helping us resolve this case.

Dr. Hartzell would agree to the $860,000 on the attached terms if the Board agrees and you so indicate in writing **no later than end of this Friday**. Otherwise, that offer is off the table and she'll proceed with her reply brief. The prior offer of $845,000 was valid only if you'd have confirmed that amount on May 29 as your recommendation; that was not done, so that offer expired and/or is rescinded.

I reviewed the insurance provision you sent, but my reading of that section is that it only applies to an enumerated list of administrative claims (DoL, DoE, EEOC, AG, and other governmental claims) and in those situations it might make sense to have an attorney fees exclusion. The list of claims under that policy do not appear to include the kind of claim presented here. Thus, this attorneys fees exclusion does not make sense for the kind of general liability / personal injury claim that this case – I believe – would be treated as.

Again, given the discrepancies in the readings of this agreement, and given that the District has cited an alleged lack of insurance coverage as a reason why my client should accept a

smaller settlement, I reiterate my request that you please give me contact information for another attorney representing the Trust who does not also represent the District (or who represents the District while not representing the Trust), *i.e.* a non-conflicted counsel, so that I may continue attempting to resolve this case without further litigation.

Finally, if there have been any side agreements or understandings between the Trust and District regarding coverage in this case, I ask that such terms and agreements be provided ASAP pursuant to the District's disclosure obligations under the federal rules.

Happy to talk by phone if it would be helpful.

Thanks,
Jacob

**Jacob C. Jones** (he/him/his)
office: 602.382.6562 | mobile: 509.431.3928
jcjones@swlaw.com
Snell & Wilmer
swlaw.com | disclaimer

---

**From:** Stanton, Tyler <tstanton@dmyl.com>
**Sent:** Friday, June 5, 2026 2:33 PM
**To:** Jones, Jacob <jcjones@swlaw.com>; Smith, Lisa Anne <lasmith@dmyl.com>
**Cc:** Willis, Jeffrey <jwillis@swlaw.com>
**Subject:** RE: Hartzell - Settlement Communication Subject to Rule 408

**[EXTERNAL]** tstanton@dmyl.com

---

Jacob,

Attached is a draft settlement agreement. As always, this is not final until approved by the Board. But in an effort to advance discussions, pending an agreement on the number, I wanted to get this to you. In the event we are able to reach an agreement and in order to get this on the agenda for the upcoming board meeting, we would need to have an agreement on its terms by noon Monday. That would allow the Board to consider the agreement as well as the settlement amount at the upcoming meeting. Without the agreement, they would be able to consider the monetary amount but would not be able to approve the actual agreement or issuance of a check until a subsequent meeting.

As for your prior questions, without doing a specific analysis of which particular provision(s) governs, the relevant trust agreement excludes attorneys' fee awards from coverage in a few places throughout the 192 page document. For convenience, I'm reattaching the relevant documents

previously sent to you so you don't have to go dig for them. For example, on page 49, under the Administrative Practices Liability Coverage endorsement, Section 4.1.8 excludes coverage for, among other categories of loss, "attorneys' fees, and/or costs." In any event, as Lisa Anne previously stated, the Trust will not be paying a fee award in this case.

I'm happy to discuss the terms of the settlement agreement and any proposed revisions you may have in a call on Monday morning. I'll also be available via email over the weekend if you happen to draft any redlines for our review.

Thanks,

Tyler

Tyler Stanton
DeConcini McDonald Yetwin & Lacy, P.C.
2525 E. Broadway, Suite 200
Tucson, AZ 85716
(520)-322-5000
Tstanton@dmyl.com

*Notice of Confidentiality*
*This email message is intended only for the person or entity to which it is addressed and contains confidential and/or privileged material. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are notified that any use, copying, or disclosure of this communication is strictly prohibited. If you receive this communication in error, kindly notify the sender, and then delete it from your system.*

---

**From:** Jones, Jacob <jcjones@swlaw.com>
**Sent:** Friday, June 5, 2026 8:57 AM
**To:** Smith, Lisa Anne <lasmith@dmyl.com>
**Cc:** Stanton, Tyler <tstanton@dmyl.com>; Willis, Jeffrey <jwillis@swlaw.com>
**Subject:** RE: Hartzell - Settlement Communication Subject to Rule 408

Settlement Communication Subject to Rule 408

Lisa Anne,

I saw your call and called you back and left a voicemail. Thanks for sending this, and I hope you have a safe and enjoyable trip.

Tyler, please do send a draft settlement agreement as soon as you can so that we can try to reach alignment on that piece, at least. I have not received authority to accept your proposed 820K (620K + 200K). I'll respond with further details on that as soon as I can.

Can I get a response to my two questions from my email yesterday?

Regards,
Jacob

**Jacob C. Jones** (he/him/his)
office: 602.382.6562 | mobile: 509.431.3928
jcjones@swlaw.com
Snell & Wilmer
swlaw.com | disclaimer

---

**From:** Smith, Lisa Anne <lasmith@dmyl.com>
**Sent:** Friday, June 5, 2026 7:46 AM
**To:** Jones, Jacob <jcjones@swlaw.com>
**Cc:** Stanton, Tyler <tstanton@dmyl.com>
**Subject:** Hartzell

**[EXTERNAL]** lasmith@dmyl.com

---

Jacob,

Dr. Streeter and I (through Tyler) will recommend to the Board that they agree to pay $620,000 as attorneys' fees to Dr. Hartzell, in addition to the $200,000 verdict. Tyler is going to prepare a draft settlement agreement for your review. We would like to be able to tell the Board on June 11 that the amount and the agreement are both approved so they can take action to approve it and not just give me/Tyler direction regarding how to proceed.

I'm logging off now to pack and leave – I look forward to having this resolved when I return!

Lisa Anne

Lisa Anne Smith
DeConcini McDonald Yetwin & Lacy, P.C.
2525 E. Broadway, Suite 200
Tucson, AZ 85716
(520) 322-5000
(520) 322-5585 (fax)
lasmith@dmyl.com

www.deconcinimcdonald.com
This communication is confidential and is intended only for the use of the individual or entity named above. If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone (520) 322-5000 (call collect).

# Exhibit D

**From:** Jones, Jacob
**To:** Smith, Lisa Anne
**Cc:** Stanton, Tyler; Willis, Jeffrey; Racioppo, Matthew; Mitchell, Stephany
**Subject:** RE: Hartzell
**Date:** Wednesday, September 16, 2026 7:45:07 PM

External (jcjones@swlaw.com)

Graymail Spam Phish More... FAQ Protection by INKY

RULE 408 SETTLEMENT COMMUNICATION

Dear Lisa Anne,

Thank you for the email. Three items:

**1)** Dr. Hartzell will accept $858,000 in full resolution of her fees and costs aspect of this case (i.e. separate from the judgment and postjudgment interest). At your request (below), I will not give further explanation here.
The total amount would be $858,000 + original judgment principal (200k) + postjudgment interest until the date paid. **This is conditioned** upon: **a)** all the same conditions of the previous offers (including agreement for stipulated supplemental judgment against the District, mutual releases in writing, etc.); **b)** confirmation by email no later than 5:00 PM AZ time on September 18, 2026, that you and the Superintendent will fully and unreservedly recommend the Governing Board accept this amount; **c)** agreement to notice and hold a special meeting of the Governing Board to approve the settlement at the most prompt next opportunity; and **d)** agreement that payment will occur within 14 days of such meeting. If those conditions are met, we could then mutually notify the Court of a pending settlement so that judicial resources could be conserved. If those conditions are not met, the offer is rescinded at 5:01 PM AZ time on September 18, 2026.

**2)** I request that you please notify me via email by 5:00 PM AZ time on September 18, 2026: whether Defendants or any of them will be filing a notice of appeal. As you know, there is currently no stay of execution on the existing judgment. I believe at this point Dr. Hartzell is entitled to bring a Special Action (i.e. for writ of mandamus) in superior court to compel MUSD and/or the Pima County Treasurer to perform their duties imposed by law, i.e. to pay the judgment and postjudgment interest in this case. Under A.R.S. 12-2030, (as well as the federal law) Dr. Hartzell will *also* be entitled to recover all her reasonable attorneys' fees and costs to bring that enforcement action. We would prefer to avoid incurring those fees and costs in the event Defendants plan to file a notice of appeal or promptly pay the existing judgment, but otherwise we see no reason to delay enforcing her clear rights against MUSD, and Defendants will continue being required to pay for those efforts. If I do not hear from you whether

Defendants intend to file a notice of appeal, then I will advise my client of her immediate legal rights to execute on and enforce the existing judgment, and we will proceed appropriately. To be clear, as I have explained previously, we continue to maintain that any appeal by the Defendants in this case would be frivolous and a vexatious multiplication of these proceedings, and we reserve all rights accordingly.

**3)** This is now at least the fourth time that you have ignored my request for contact information for a non-conflicted lawyer representing the Trust, and my demand for copies of all agreements and side agreements relating to the Trust in this matter. Please provide your availability tomorrow or Friday to have a phone call to meet and confer on these issues prior to my bringing a motion to the Court if we cannot resolve it immediately.

Regards,
Jacob

**Jacob C. Jones** (he/him/his)
office: 602.382.6562 | mobile: 509.431.3928
jcjones@swlaw.com
Snell & Wilmer
swlaw.com | disclaimer

---

**From:** Smith, Lisa Anne <lasmith@dmyl.com>
**Sent:** Wednesday, September 16, 2026 9:48 AM
**To:** Jones, Jacob <jcjones@swlaw.com>
**Cc:** Stanton, Tyler <tstanton@dmyl.com>
**Subject:** Hartzell

**[EXTERNAL]** **lasmith@dmyl.com**

---

Jacob,

I know that when we spoke, you threw out a number your client would accept in fees to resolve the outstanding issue in this case. I don't recall what that figure was (or if it was a firm number or just your thought about what she would likely take). I'm not overly optimistic that we reach a settlement, as opposed to just letting the judge rule at this point, but if there is a number she would accept, I'd like to know what it is.

I do not need any explanation as to why you think she is entitled to that amount or anything else

– just please provide a number that would resolve the case, if there is one.

Please do not add the jury verdict and the fee number together. I just want to know what it would take in fees and costs to reach a resolution.

Thanks.

Lisa Anne

Lisa Anne Smith
DeConcini McDonald Yetwin & Lacy, P.C.
2525 E. Broadway, Suite 200
Tucson, AZ 85716
(520) 322-5000
(520) 322-5585 (fax)
lasmith@dmyl.com
www.deconcinimcdonald.com
This communication is confidential and is intended only for the use of the individual or entity named above. If you have received this communication in error, please immediately destroy it and notify the sender by reply e-mail or by telephone (520) 322-5000 (call collect).

# Exhibit E

**From:** Jones, Jacob
**To:** Smith, Lisa Anne; Stanton, Tyler
**Cc:** Willis, Jeffrey; Mitchell, Stephany
**Subject:** Hartzell Supplemental Fee Motion
**Date:** Thursday, October 1, 2026 1:55:33 PM

External (jcjones@swlaw.com)

Graymail Spam Phish More... FAQ Protection by INKY

Lisa Anne,
I am writing to give you further information on which to meet and confer on my client's fee motion. We anticipate requesting supplemental fees and costs, since June 15, 2026, approximately as follows:

This is a summary:
June 15 – July 13: no claimed fees or costs

**July 14 to August 26:**

**Fees:** Review, analysis, research, preparation, and appearing for the Oral Argument on the fee motion. This was an important undertaking because my client risked a huge downside if she lost this issue. As you pointed out, she would then have to wait until after the third trial before she could appeal. Because of the significance of the issue, we were justified in thoroughly preparing in response to the July 14, 2026 court order. Fees: approximately 84 hours (mostly me, also Amanda Weaver and Matthew Racioppo), **$53,613.50**

**Costs:** Flights, ground transportation, lodging, approximately **$1,500** (no time for travel is being claimed, only the costs)
Westlaw research, approximately **$4,500**

**Subtotal: 59,613.5**

After August 26, supplemental objections. Although the Court rejected it, we believe it was justified for two reasons. First, the Court obviously erred by raising new grounds for the first time at the oral argument with no opportunity for notice and hearing. Therefore we were justified in making a seasonable objection in writing, and we believe the Ninth Circuit will support our decision to do so as reasonable and in my client's best interest in preserving those important issues for appeal. Second, you made several clearly erroneous statements during your rebuttal period at the oral argument, that I was not allowed to address, so it was proper to raise those as well. Total fees for that work, approximately **$8,000**

**Settlement discussions and enforcement efforts:**
Approximately **$4,000**

**Supplemental Fee Motion**
Approximately **$9,000** (plus reply if Defendants file an opposition, tbd)

**Total, approximately $80,613.**

**Rule 408, settlement purposes only: If Defendants will agree to promptly pay $65,000 in resolution of this supplemental fees and costs claim, we will agree not to file the motion.**

Kindly let me know when you are available this afternoon or tomorrow to meet and confer on this.

Respectfully,
Jacob

**Jacob C. Jones** (he/him/his)
office: 602.382.6562 | mobile: 509.431.3928
jcjones@swlaw.com
Snell & Wilmer
swlaw.com | disclaimer